UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 04-10038-MLW |
| ) | |
| DEEPAK JAHAGIRDAR ) | |

**DEFENDANT DEEPAK JAHAGIRDAR'S RESPONSE
TO COURT ORDER OF OCTOBER 11, 2004**

Defendant Deepak Jahagirdar responds to the Court order of October 11, 2004, as follows:

A number of courts have found venue proper where a flight over a district was undertaken in furtherance of the offense charged, at least in the controlled substances context. *See, e.g., United States v. Ramirez-Amaya*, 812 F.2d 813, 816 (2d Cir. 1987)(cocaine flown over district); *United States v. Prueitt*, 540 F.2d 999, 1006 (9th Cir. 1976)(marijuana flown over district); *United States v. Williams*, 536 F.2d 810, 812 (9th Cir. 1976)(conspirator flew over district on his way to obtain marijuana); *see also United States v. Shearer*, 794 F.2d 1545, 1550-51 (11th Cir. 1986)(venue proper where truck carrying equipment necessary to commission of offense drove through district and coconspirator flew over district on his way to a meeting with a coconspirator). The finding of venue under such circumstances constitutes a finding that the offense occurred "in" the district.

Section 3238 has been employed to establish venue only in cases involving crimes which occurred wholly, or virtually entirely, extraterritorially, *i.e.*, outside the jurisdiction of the United States, for example, on the high seas, in international airspace, or in a foreign country, and where the defendant was "first brought" into a particular district after being arrested elsewhere or was arrested in a particular district when he entered the country. *See, e.g., United States v. Yousef*, 327

F.3d 56, 115 (2d Cir. 2003); *United States v. Pace*, 314 F.3d 344, 351 (9th Cir. 2002); *United States v. Liang*, 224 F.3d 1057, 1060 (9th Cir. 2000); *United States v. Lee*, 159 F.Supp.2d 1241, 1248 (D.Haw. 2001).[1]

The only legislative history which defendant's research has found is reflected in the Reviser's Note which follows §3237 in the United States Code Annotated:[2]

> The last paragraph of the revised section was added to meet the situation created by the decision of the Supreme Court of the United States in United States v. Johnson, [323 U.S. 273 (1944)], which turned on the absence of a special venue provision in the Dentures Act . . . . The revised sections removes all doubt as to the venue of continuing offenses and makes unnecessary special venue provisions except in cases where Congress desires to restrict the prosecution of offenses to particular districts . . . .

This history was discussed at length by the Second Circuit in *United States v. Brennan*, 183 F.3d 139 (2d Cir. 1999), in considering whether the mail fraud offense defined by 18 U.S.C. §1341, involved "use of the mails" for purposes of §3732(a). In *Johnson*, the defendants were charged under a statute which made it unlawful to "use the mails" for the purpose of "sending" or "bringing" prohibited dentures into a state. The defendants had used the mails to send the offending dentures from Chicago to Delaware; the prosecution was brought in Delaware. The Supreme Court, taking a restrictive view

---

[1] As the government noted in its initial submission, the United States asserts exclusive sovereignty over the airspace above the territorial United States, *see* Government's Opposition to Defendant's Motion to Dismiss ("Gvt. Opposition") at 5, *citing* 49 U.S.C. §40103(a)(1), and, in particular, exercises exclusive control over the airspace at the altitude at which the plane on which the offense charged allegedly occurred was flying. Like the government, defendant's research has found no cases in which §3238 was applied to offenses occurring in the airspace occupied by the plane on which the offense allegedly occurred.

[2] None of the cases addressing the issue of the meaning of "involving" in the second paragraph of §3237(a), or the application of that section to various offenses, which defendant's research has found cite to any other legislative history.

of venue, held that venue was proper as to the sender only in the district from which he sent the dentures and as to the recipient only in the district of receipt. In embracing a narrow interpretation of the statute for venue purposes, the Court focused upon the policies underlying the constitutional venue provisions, 323 U.S. at 275-76, but did note that it would be within Congress' power to "utiliz[e] the doctrine of a continuing offense" by "provid[ing] that the locality of a crime shall extend over the whole area through which the force propelled by an offender operates." *Id.* at 275. This was the power Congress exercised in enacting §3237(a). *See Brennan*, 183 F.3d at 146-47.

In his initial memorandum in support of his motion to dismiss, defendant discussed the only case law which he has found which relates to the meaning of "involving" in §3237(a). *See* Defendant Deepak Jahagirdar's Motion to Dismiss Counts I and II for Lack of Venue and Incorporated Memorandum of Law ("Motion to Dismiss") at 9-13. *Brennan* provides a particularly thoughtful analysis of the reach of §3732(a). In concluding that the second paragraph of §3731(a) did not apply to §1341, the Court first noted that §3732(a) "not only mooted the Court's interpretation of venue under the National Denture Act, but also made the *Johnson* rule of construction inapplicable to other statutes defining statutes involving 'use of the mails' . . . in connection with various activities or for various purposes." 183 F.3d at 147. According to *Brennan*, therefore, Congress intended the use of the mails clause of §3237(a) to encompass offenses as to which the conduct element of the offense is statutorily defined as use of the mails. *See id.* (citing representative statutes).

The case was different, the *Brennan* Court reasoned, where Congress had not defined the offense in general terms of use of the mails, but instead defined the offense in more precise language describing the particularized acts which violate the statute in question. "Passage of §3237(a) . . . could not and did not alter the constitutional and policy concerns underlying the Court's restrained

view of venue; and it did not affect the general validity of the *Johnson* rule of construction." 183 F.3d at 147. The Court concluded:

> In light of the *Johnson* policies, we agree with the defendants that §3237(a) is best read as not applying to statutes, like the mail fraud statute, that specify that a crime is committed by the particular acts of depositing or receiving mail, or causing it to be delivered, rather than by the more general and ongoing act of "us[ing] the mails." Rather than make a defendant like Brennan subject to prosecution in any district through which a mail truck carrying his mail happened to drive (or perhaps even in any district over which an airplane carrying his mail happened to fly, or in which it happened to make an interim stop), we think Congress' more particularized and careful phrasing in the mail fraud statute takes it outside the scope of §3237(a) and is best read less expansively. We therefore hold that prosecution under the mail fraud statute is permissible only in those districts in which a proscribed act occurs, *i.e.*, in which the defendant "places," deposits," "causes to be deposited," "takes," or "receives" mail or "knowingly causes" mail "to be received."

*Id.*[3]

---

[3]

The Sixth Circuit disagreed with *Brennan* in *United States v. Wood*, 364 F.3d 704 (6th Cir. 2004), concluding that venue was proper where any of the mail-related actions specified in the mail fraud statute took place *and* in any district through which the mail moved. *Id.* at 713. However, the *Wood* defendant apparently conceded that venue was appropriate in any district through which the mail moved, contending that the government had not proved by a preponderance of the evidence that the checks which formed the basis of the mail fraud charges "were sent from, received in, or moved through the Western District of Michigan." *Id.* at 709. The government argued that venue was proper because the situs of the fraud was in the Western District of Michigan, an argument that the Court rejected.

The Court's reference to *Brennan* came in response to the dissent's argument, predicated in substantial measure on *Brennan*, that the mail fraud statute was not a statute involving use of the mails, and hence venue was not proper in a district which had no connection to the offense other than that mail had moved through it. *Id.* at 721-24 (Gwin, J., concurring in part and dissenting in part). The majority found that common sense dictated that mail fraud involved use of the mails: "If the plain meaning of language is to be given any efficacy at all, how can the offense of *mail* fraud *not be* an "offense involving the use of the mails . . . .?" *Id.* at 713. The answer to that question, defendant suggests is found in *Brennan* and in the *Wood* dissent.

The *Wood* Court concluded that the better resolution of the issue was found in *United States v. Reitmeyer*, 356 F.3d 1313 (10th Cir. 2004), and *United States v. Loe*, 248 F.3d 449, 465 (5th Cir. 2001). In *Loe*, however, the Court noted only that mail fraud was a continuing offense within the *first* paragraph of §3237(a); venue was proper because the mailings at issue were made in the district of prosecution. In *Reitmeyer*, the issue was whether the Major Fraud Act, 10 U.S.C. §1031(a) was a continuing offense for statute of limitations purposes. On its way to concluding that the offense

In further support of its conclusion that §3237(a) does not apply to the mail fraud statute, the *Brennan* Court pointed to *United States v. Ross*, 205 F.2d 619 (10th Cir. 1953), in which the Court considered that applicability of §3237(a) to a statute criminalizing "knowingly deposit[ing] for mailing or delivery anything declared by this section to be nonmailable," and concluded that

> there is a clear distinction between a deposit for mailing or delivery and the use of the mails. *The use of the mails continues from the point of deposit to the point of delivery.* Crimes involving use of the mails are therefore continuing crimes, but the unlawful act defined in §1461 is the deposit for mailing and not the use of the mails which may follow such deposit. . . . It does not involve a use of the mails.

*Brennan*, 183 F.3d at 148, *quoting Ross*, 205 F.2d at 106 (emphasis added). As the *Brennan* Court noted, Congress' response to *Ross* was to amend the statute in question to define the offense in terms of use of the mails; *i.e.*, to make use of the mails an element of the offense, and *not* to define the deposit of mail as a continuing offense.[4] This congressional action strongly suggests Congress' agreement with the *Ross* Court that, as written, the statute did not fall within the use of the mails component of §3237(a), which in turn suggests an understanding on Congress' part that unless the conduct element of the offense is a continuing one, §3237(a) does not apply.

The holding in *Brennan* is consistent with the traditional venue analysis demanded by the Constitution: "The *locus delicti* [of the charged offense] must be determined from the nature of the crime alleged and the location of that act or acts constituting it." *United States v. Rodriguez-Moreno*,

---

was complete upon execution of the fraud, the Court rejected the government's reliance on cases holding that other similarly worded fraud statutes, including the mail fraud statute, had been held to be continuing offenses for venue purposes, simply noting, without discussion, the language of the second paragraph of §3237(a).

[4] Nor has Congress, in the wake of *Brennan*, amended the mail fraud statute to criminalize a "use" of the mails to further a scheme to defraud.

526 U.S. 275, 279 (1999), *quoting United States v. Cabrales*, 524 U.S. 1, 6-7 (1998). *See* Motion to Dismiss at 3-4.⁵ As instructed by Supreme Court precedent which establishes the standard for determining whether venue in a particular location comports with the Constitution, the *Brennan* Court "identif[ied] the conduct constituting the offense . . . and then discern[ed] the location of the commission of the criminal acts." 526 U.S. at 279. As both *Brennan* and *Ross* concluded, although "use" of the mails continues from the point at which the item mailed is deposited for delivery until it is delivered by the Postal Service, the same cannot be said when Congress has particularized the culpable acts with respect to the mail which the statute is designed to punish. In the latter case, the location of the offense is the location or locations at which the acts specified by Congress occurred.

The same reasoning has equal force in the "transportation in interstate . . . commerce" context. Virtually without exception, the transportation in interstate or foreign commerce clause of §3237(a) has *only* been applied where transportation in interstate commerce was an element of the offense at issue. *See* cases cited in Motion to Dismiss at 9-10. The primary exception – one of only two which defendant's research has revealed – is *United States v. Breitweiser*, 357 F.3d 1249 (11th

---

⁵
    The First Circuit recently cited *Brennan* with approval in rejecting the government's argument that the offense defined by 18 U.S.C. §1542, which criminalizes the making of a false statement in a passport application with the intent to induce or secure the issuance of a United States passport, is a continuing offense for purposes of the first paragraph of §3237(a), making the offense subject to prosecution wherever the government chooses to process the passport. The Court cited *Brennan* as support for its reasoning that "that Congress knew how to expand the scope of venue through the substantive definition of the crime cannot be gainsaid." *United States v. Salinas*, 373 U.S. 161, 169 (1st Cir. 2004). The Court also referred to *Brennan*'s discussion of Congress' actions in the wake of *Ross*: "Congress is, of course, free (within constitutional limits) to alter this situation by amending [§]1542 and changing the substantive definition of the crime." *Id.* at 169. Earlier, the Court also cited *Ross*'s conclusion that the statute at issue in that case was a "point-in-time" offense with apparent approval. *Id.* at 166. All of this, in conjunction with the Court's discussion of the constitutional and policy imperatives of venue determinations, suggests that the First Circuit would agree with *Brennan*'s resolution of the use of the mails question.

Cir. 2004), which has been discussed in defendant's opening memorandum.

The second paragraph of §3237(a) is cast in language which Congress has used to define broad categories of offenses – using the mails, transporting items in interstate or foreign commerce, importing items into the United States. Defendant has found nothing to suggest that Congress intended, through the use of the word "involving" in §3237(a), to increase the number of locations in which a given offense may properly be prosecuted. Instead, as is reflected in Congress' enactment of §3237(a) in response *Johnson*'s declination to recognize use of the mails in violation of the Denture Act as a continuing offense for venue purposes and in its amendment of the statute at issue in *Ross* to change it from a point-in-time offense to a continuing offense by replacing the specific acts which the statute had formerly criminalized with "use" of the mails, §3237 does not in itself *create* continuing offenses which did not otherwise exist under the language of the statute defining the crime. Section 3237 *identifies* continuing offenses already on the books, it does not make new ones. It certainly does not make venue appropriate in any district through which a form of interstate transportation on which an offense was committed passes – had Congress meant to so drastically expand the venue of criminal offenses, it surely would have said so explicitly. Nor could it have done so consistently with the venue provisions of the constitution. *See Brennan*, 183 F.3d at 148; *Salinas*, *supra.*

Defendant apologizes for the truncated presentation herein. He requested an additional one-day extension of time to file this response, but, as he is not yet aware of the Court's ruling on that request, this response is being filed at this time. He will avail himself of the opportunity to respond to the government's response by November 5, 2004, as permitted by the Court's Order.

Respectfully submitted,

|  |  |
|---|---|
|  | By his attorneys, |
| /s/Kimberly Homan | /s/James W. Lawson |
| Kimberly Homan | James W. Lawson |
| Mass. Bar No. 239000 | Mass. Bar. No.289300 |
| 20 Park Plaza, Suite 905 | OTERI, WEINBERG & LAWSON |
| Boston, Massachusetts 02116 | 20 Park Plaza, Suite 905 |
| (617) 227-8616 | Boston, Massachusetts 02116 |
|  | (617) 227-3700 |

DATE: November 1, 2004