UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
        v.               )   CRIMINAL NO. 04-10038-MLW
                         )
DEEPAK JAHAGIRDAR        )

**Government's Motion for Abbreviated Evidentiary Hearing**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this motion for an abbreviated evidentiary hearing regarding the defendant's motion to dismiss for want of venue. The parties initially anticipated that an evidentiary hearing would be unnecessary to resolve the defendant's motion to dismiss. See Joint Report on Defendant's Motions (September 21, 2004). At the hearing held on October 7, 2004, it became apparent that the defendant was not willing to stipulate that there is no accurate manner of determining the precise location over which the flight was traveling at the time of the assault. The defendant reiterated this position in the memorandum he filed on November 5, 2004. See Defendant Deepak Jahagirdar's Reply to Government's Supplemental Opposition to Defendant's Motion to Dismiss, pg. 10 at fn 7.

As outlined in the Government's Opposition to Defendant's Motion to Dismiss (June 24, 2004), the government is prepared to establish that this case presents the archetype of special aircraft jurisdiction crimes, in that it is extraordinarily difficult to establish the precise location of the aircraft at the time the defendant sexually assaulted Victim D.S. The difficulty arises from three sources. First, there is no reliable record of the precise moment that the

offenses occurred; estimates from flight crew members have varied from one hour after take-off, to one and one-half hours take-off, to one hour before arrival. Second, the speed at which the flight was traveling and potential deviations from the flight plan, makes pin-pointing a judicial district over which the flight was traveling particularly difficult; as noted in Exhibit 1 to the Government's Opposition to Defendant's Motion to Dismiss, a two minute variation in the time of the offense can make the difference between the flight being over Ohio or Indiana.[1] Third, because the victim was asleep when the offenses commenced, the duration of the offenses is unclear.

The government intends to present two witnesses at the hearing to establish facts relevant to the Court's consideration of the defendant's motion to dismiss. The government intends to call FBI agent Tamara Harty, who will present summary testimony regarding the statements made by flight crew members regarding the time of the assault. The government also intends to call Delta Air Lines Flight Control Dispatch Supervisor William Manion, who will testify regarding the route of the aircraft from Texas to Massachusetts, and his estimates as to the location of the aircraft at various time intervals in the flight. He will also testify as to the margin of error in flight plan calculations.

For the foregoing reasons, the government respectfully requests that it be permitted to present the outlined evidence at the hearing now scheduled for December 3, 2004. The government anticipates that Agent Harty's direct testimony will last approximately 10 minutes, and that Mr. Manion's direct testimony will take approximately 20 minutes.

---

[1] The government will present evidence at the hearing that the flight crossed over four states in the 30 minutes between one hour to one and one-half hours from take-off.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

Date: November 16, 2004        By: /s/ John T. McNeil
        JOHN T. MCNEIL
        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10038-MLW |
| | ) | |
| DEEPAK JAHAGIRDAR | ) | |

**Government's Motion for Abbreviated Evidentiary Hearing**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this motion for an abbreviated evidentiary hearing regarding the defendant's motion to dismiss for want of venue. The parties initially anticipated that an evidentiary hearing would be unnecessary to resolve the defendant's motion to dismiss. See Joint Report on Defendant's Motions (September 21, 2004). At the hearing held on October 7, 2004, it became apparent that the defendant was not willing to stipulate that there is no accurate manner of determining the precise location over which the flight was traveling at the time of the assault. The defendant reiterated this position in the memorandum he filed on November 5, 2004. See Defendant Deepak Jahagirdar's Reply to Government's Supplemental Opposition to Defendant's Motion to Dismiss, pg. 10 at fn 7.

As outlined in the Government's Opposition to Defendant's Motion to Dismiss (June 24, 2004), the government is prepared to establish that this case presents the archetype of special aircraft jurisdiction crimes, in that it is extraordinarily difficult to establish the precise location of the aircraft at the time the defendant sexually assaulted Victim D.S. The difficulty arises from three sources. First, there is no reliable record of the precise moment that the

offenses occurred; estimates from flight crew members have varied from one hour after take-off, to one and one-half hours take-off, to one hour before arrival.  Second, the speed at which the flight was traveling and potential deviations from the flight plan, makes pin-pointing a judicial district over which the flight was traveling particularly difficult; as noted in Exhibit 1 to the Government's Opposition to Defendant's Motion to Dismiss, a two minute variation in the time of the offense can make the difference between the flight being over Ohio or Indiana.[1]  Third, because the victim was asleep when the offenses commenced, the duration of the offenses is unclear.

The government intends to present two witnesses at the hearing to establish facts relevant to the Court's consideration of the defendant's motion to dismiss.  The government intends to call FBI agent Tamara Harty, who will present summary testimony regarding the statements made by flight crew members regarding the time of the assault.  The government also intends to call Delta Air Lines Flight Control Dispatch Supervisor William Manion, who will testify regarding the route of the aircraft from Texas to Massachusetts, and his estimates as to the location of the aircraft at various time intervals in the flight.  He will also testify as to the margin of error in flight plan calculations.

For the foregoing reasons, the government respectfully requests that it be permitted to present the outlined evidence at the hearing now scheduled for December 3, 2004.  The government anticipates that Agent Harty's direct testimony will last approximately 10 minutes, and that Mr. Manion's direct testimony will take approximately 20 minutes.

---

[1] The government will present evidence at the hearing that the flight crossed over four states in the 30 minutes between one hour to one and one-half hours from take-off.

2

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: November 16, 2004          By: /s/ John T. McNeil
                                 JOHN T. MCNEIL
                                 Assistant U.S. Attorney