UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10038-MLW |
| | ) | |
| DEEPAK JAHAGIRDAR | ) | |

**Government's Supplemental Opposition to Defendant's Motion to Suppress**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this supplemental opposition to defendant's motion to suppress. At the last hearing on this matter, the Court inquired whether Massachusetts State Troopers had authority to arrest for the commission of federal felonies. As outlined below, while the government is unaware of a case in this district directly on point, there is persuasive authority supporting the proposition that state law enforcement officers in Massachusetts have authority to arrest for federal felonies.

In the absence of specific federal statutory authorization for state and local officers to arrest for a particular federal felony, those officers' authority to arrest for such felonies arises under state law. See United States v. Haskin, 228 F.3d 151, 152 -154 (2nd Cir. 2000)("in the absence of a federal statute authorizing an arrest by any officer . . . the law of the state where an arrest without warrant takes place determines its validity.")(citations and quotations omitted); United States v. Vasquez-Alvarez, 176 F.3d 1294, 1296 -1297 (10th Cir. 1999)("state and local law enforcement officers are empowered to arrest for violations of federal law, as long as such arrest is authorized by state law"). In this case, there is no federal statute which grants state or

1

local officers authority to arrest for violations of 49 U.S.C. §46506.

As set forth in the Government's Opposition to Defendant's Motion to Suppress [D.22], Massachusetts State Troopers are authorized under state common law to arrest individuals for the commission of a felony, even when the felony does not occur in an officer's presence. See Rohan v. Sawin, 59 Mass. 281, 284 (1850)("Peace-officers without warrant may arrest suspected felons"); M.G.L.c. 22C §12 (Massachusetts State Troopers have "common law authority as peace officers"); Commonwealth v. Carey, 66 Mass. 246, 251 (1853)("if a constable or other peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed, to render the arrest lawful; but if he suspects one on his own knowledge of facts, or on facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of felony, the arrest is not unlawful."); Muniz v. Mehlman, 327 Mass. 353, 356-357 (1951) ("When a peace officer without a warrant arrests a person for a felony he need not show that a felony has actually been committed; it is enough if he believes upon reasonable cause that such person has committed a felony."); see also, Commonwealth v. Savage, 430 Mass. 341, 346 (1999)("We have recognized that an arrest for the commission of a felony outside an officer's jurisdiction can be a lawful citizen's arrest"); United States v. Watson, 423 U.S. 411, 416-422 (1976) ("The cases construing the Fourth Amendment thus reflect the ancient common-law rule that a peace officer was permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there was reasonable ground for making the arrest").

While Massachusetts law does not specifically authorize State Troopers to arrest for

federal felonies, federal courts in other jurisdictions have routinely interpreted general state common law authority to include all felonies, whether state or federal.  See, e.g. United States v. Haskin, 228 F.3d at 154 (general Vermont statute authorizing officers to arrest for felonies applied to federal felonies); Marsh v. United States, 29 F.2d 172, 173-74 (2nd Cir. 1928)(general New York statute authorizing peace officers to arrest for felonies applied to federal felonies); Dorsey v. United States, 174 F.2d 899, 901-902 (5th Cir. 1949)(general Florida statute authorizing peace officers to arrest for felonies interpreted to include federal felonies);  Rent v. United States, 209 F.2d 893, 897 (5th Cir. 1954)(general Texas statute authorizing peace officers to arrest for felonies).

For the forgoing reasons, and those cited in the Government's Opposition to Defendant's Motion to Suppress [D.22], the government respectfully requests that the Court deny the defendant's motion to suppress.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Date: December 13, 2004            By: *John T. McNeil*
                                        JOHN T. MCNEIL
                                        Assistant U.S. Attorney