UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____    )
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )        Cr. No. 04-10038-MLW
                                    )
DEEPAK JAHAGIRDAR                   )
_____    )


**DEFENDANT DEEPAK JAHAGIRDAR'S SUPPLEMENTAL MEMORANDUM WITH RESPECT TO HIS MOTION TO SUPPRESS EVIDENCE**

Defendant Jahagirdar submits this memorandum to respond to the question raised by the Court at the last hearing in this matter: Do Massachusetts state troopers have the authority to arrest for commission of a federal felony?

The defendant has already received the government's memorandum directed to this issue. His own independent research indicates that the government is correct in its assertion that, where, as here, there is no specific federal statutory authorization for state officers to arrest for a particular federal felony, the validity of the arrest is a matter of state law. *See, e.g., United States v. Santana-Garcia*, 264 F.3d 1188, 1193-94 (10th Cir. 2001); *United States v. Haskin*, 228 F.3d 151, 153 (2d Cir. 2000); *United States v. Taylor*, 797 F.2d 1563, 1564 (11th Cir. 1986). *See also United States v. Di Re*, 332 U.S. 581 (1948).

The felony arrest powers of the Massachusetts State Police derive from the common law of arrest, which permits an officer to arrest without a warrant " if the officer has reasonable grounds to believe that a felony was committed by the defendant." *Pon v. United States*, 168 F.2d 373, 374 (1st Cir. 1948), *citing Commonwealth v. Carey*, 12 Cush. 246; *Commonwealth v. Phelps*, 209 Mass. 396 (1911); *Wax v. McGrath*, 255 Mass. 340 (1926). *See, e.g., Commonwealth v. Snow*, 363 Mass.

778, 787-88 (1973), and cases cited therein. Defendant's research has found no cases, either in the First Circuit or in the Massachusetts appellate courts, which address the question whether state police officers are authorized to arrest for federal offenses, nor does there appear to be any specific state statutory authority for them to do so. This, then, appears to be a question of first impression in the First Circuit. The government is correct that other circuits have concluded that the authority of state officers to arrest for federal felonies is subsumed within the state officer's common law arrest powers, which includes the right to arrest for offenses committed outside the presence of the officer; defendant's research has disclosed no cases which have held to the contrary. The state troopers who arrested Jahagirdar did not, however, purport to arrest him for any federal offense. He was arrested solely for state law crimes.

                                              Respectfully submitted,
                                              By his attorneys,

| */s/ Kimberly Homan* | */s/ James W. Lawson* |
|---|---|
| Kimberly Homan | James W. Lawson |
| Mass. Bar No. 239000 | Mass. Bar. No.289300 |
| 20 Park Plaza, Suite 905 | OTERI, WEINBERG & LAWSON |
| Boston, Massachusetts 02116 | 20 Park Plaza, Suite 905 |
| (617) 227-8616 | Boston, Massachusetts 02116 |
| | (617) 227-3700 |

DATE: December 13, 2004