UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 04-10038-MLW |
| ) | |
| DEEPAK JAHAGIRDAR ) | |

**DEFENDANT'S MOTION TO EXCLUDE STATEMENTS OF D.S. AND INCORPORATED MEMORANDUM OF LAW**

Now comes the defendant Deepak Jahagirdar and respectfully moves that this Honorable Court exclude from evidence testimony of Massachusetts State Troopers Kevin Hogaboom and Daniel Sullivan[1] regarding any statements made to them by D.S. regarding the offenses charged after the airplane on which the charged offenses allegedly occurred landed in Boston, as well as any documents evidencing such statements.

As reason therefor, defendant states that these statements are not properly admissible under Fed. R. Evid. 803(1), 803(2), 803(3), or on any other basis.[2]

As further reason therefor, defendant refers the Court to the Memorandum of Law incorporated herein.

---

[1] Defendant has been provided with no information which identifies anyone other than Hogaboom and Sullivan as having been present when the statements at issue were made. If there were other persons present when the statements were made, this motion extends to testimony by them as well.

[2] This motion and memorandum do not address the question whether these statements would be admissible as prior consistent statements. Defendant believes that this is an issue which can only be addressed after the defense cross-examination of D.S.

**REQUEST FOR ORAL ARGUMENT**

Defendant requests oral argument on the within motion.

**LOCAL RULE 7.1(A)(2) STATEMENT**

On February 24, 2005, counsel received a voice mail from AUSA John McNeil in which he stated that he is not yet ready to take a position on this motion, as he wishes to do more legal research and speak with the alleged victim in the case before he does so.

**MEMORANDUM OF LAW**

There are two statements at issue in this motion: the first, a statement by D.S. to Massachusetts State Troopers Kevin Hogaboom and Daniel Sullivan made on board the plane after it landed in Boston, and the second, a statement made by D.S. to Trooper Hogaboom in a room within the terminal.[3] Neither of these statements should be admitted into evidence.

**I.    THE STATEMENTS ARE NOT ADMISSIBLE AS EXCITED UTTERANCES.**

Fed. R. Evid. 803(2) embodies an exception to the hearsay rule for statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The test articulated by the First Circuit for determining whether a statement is an excited utterance requires that "(i) the declarant experienced a startling event; (ii) the statement was made while the declarant was subject to the influence of the event; and (iii) the statement related to the event." *United States v. Collins*, 60 F.3d 4, 8 (1st Cir. 1995).[4] *See, e.g., United States v. Bailey*, 834 F.2d 218, 228 (1st Cir. 1987). "The rationale for applying the 'excited

---

[3] Defendant is unsure whether Trooper Sullivan was present during this latter statement.

[4] It will be defendant's position at trial that D.S. did not experience a "startling event," as he did not do that of which she has accused him.

2

utterance' exception is that excitement suspends the declarant's powers of reflection and fabrication, consequently minimizing the possibility that the utterance will be influenced by self interest and therefore rendered unreliable." *United States v. Tavaras*, 380 F.3d 532, 537 (1st Cir. 2004), *quoting United States v. Alexander*, 331 F.3d 116, 122 (D.C. Cir. 2003). The government, as the proponent of the evidence, has the burden of demonstrating its admissibility. *See, e.g., Alexander*, 331 F.3d at 122 n.5; *United States v. Marrowbone*, 211 F.3d 452, 455 (8th Cir. 2000).

The first statement at issue in this case was made, at a minimum, more than an hour and a half after the alleged offense;[5] defendant does not know the amount of time which elapsed between the first statement and the second statement. That lapse in time between the alleged offense and the statements was too long to "preclude conscious reflection on the subject of the statement" by the declarant, which is a requirement for the admission of extrajudicial statements as excited utterances. *Alexander*, 331 F.3d at 122. *See, e.g., United States v. Hall*, 165 F.3d 1095, 1109 (7th Cir.)(declarant's state of mind at the time the declaration was made must exclude the possibility of conscious reflection), *cert. denied*, 527 U.S. 1029 (1999). As the First Circuit has noted, the time lapse in most excited utterance cases is usually only a few seconds or a few minutes. *See Tavaras*, 380 F.3d at 537.[6]

---

[5] D.S. told Trooper Hogaboom that she knew that the alleged incident had occurred when the plane was an hour and a half from Boston. Gwendolyn Pace, the stewardess with whom D.S. first spoke, testified before the state grand jury which indicted Jahagirdar on state charges, which were dismissed when the federal government decided to indict Jahagirdar, that the flight was about an hour and a half from Boston when D.S. approached her. When the time required to permit all other passengers to leave the plane, which they did before Hogaboom and Sullivan spoke with D.S., the time lapse would have been longer than an hour and a half.

[6] In virtually all of the First Circuit's excited utterance cases, the utterance was made either immediately after, or within a very few minutes of the startling event. *See, e.g., United States v. Vasquez*, 857 F.2d 857, 864 (1st Cir. 1988)(statement made at time of startling event); *Bailey*, 834

Here, the elapsed time between the alleged "startling event" and the statements made after the plane landed in Boston was too great to permit the introduction of these statements. As a general measure of the admissibility of excited utterances, the First Circuit has stated:

> Perhaps an accurate rule of thumb might be that where the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process. Testimony that the declarant still appeared "nervous" or "distraught" and that there was a reasonable basis for continuing emotional upset will often suffice.

*Bailey*, 834 F.2d at 228, *quoting McCormick on Evidence* §297 at 856 (3d ed. 1984). The interval here between the alleged startling event and the Boston statements was more than long enough to permit conscious reflection. That opportunity for conscious reflection is critically important here, as D.S.'s statements to the stewardesses within a few moments of the alleged event did not mention anything about Jahagirdar having penetrated her vagina, yet Jahagirdar has been informed that both Trooper Hogaboom and Trooper Sullivan will testify that D.S. told them that Jahagirdar had inserted his finger into his vagina. After the alleged incident, D.S., who had been seated in Row 12, near the front of the plane, went to the back of the plane and spoke to a stewardess. D.S.'s seat was moved

---

F.2d at 228 (statement made three minutes after the event); *Puleio v. Vose*, 830 F.2d 1197, 1206 (1st Cir. 1987) (statement made at time of startling event), *cert. denied*, 485 U.S. 990 (1988); *McLaughlin v. Vinzant*, 522 F.2d 448, 450 (1st Cir. 1975) (statement made one minute after shooting), *cert. denied*, 423 U.S. 1037 (1976). *Collins*, 60 F.3d at 8, is a somewhat more complex case. There, the declarant immediately flagged down a police officer after the defendant threatened to come back and "shoot his ass" and told him what the defendant had said. The defendant was a man of his word and returned shortly thereafter. There was a brief confrontation before police arrived. The declarant then repeated his statement to a second officer, and it was this second statement which was at issue. The circumstances in *Collins* were essentially a continuous startling event that did not come to an end until the second officer arrived, and it appears from the opinion that the time lapse from the "shoot your ass" statement and the statement to the second officer was considerably shorter than that present in this case.

to the back of the plane. Coincidentally, there were four Secret Service Agents on the plane who had been seated in close proximity to Row 12. One of the Secret Service agents went to the back of the plane and stayed with D.S., while the other three kept a close watch on Jahagirdar to ensure that there was no further contact between the two. Jahagirdar did not leave his seat until the plane landed in Boston and appeared to be asleep. D.S. remained in the rear of the plane until all other passengers had deplaned. D.S. had, therefore, been widely separated from Jahagirdar, and there was no potential for further contact between the two of them. In sum, D.S. had time and opportunity to calm down sufficiently to permit conscious reflection. *See United States v. Wesela*, 223 F.3d 656, 663 (7th Cir. 2000)(error to admit statement as excited utterance where statement was made hours after the event, declarant was not under continuous threat from her husband, and evidence showed that she had "regained at least some of her composure and emotional control"), *cert. denied*, 531 U.S. 1174 (2001).

This case does not present the "extreme circumstances" which caused the Court to accept a delay of a "few hours" in *United States v. Cruz,* 156 F.3d 22 (1st Cir. 1998), *cert. denied*, 526 U.S. 1124 (1999). *See Tavaras*, 380 F.3d at 537. The facts stated in the *Cruz* opinion are rather sketchy.[7] What little can be gleaned from the opinion is that the declarant had been held and beaten for some period of time. The beating ended at 4:00 a.m., but she was unable to escape for some unspecified period of time after that. The statement at issue was made when the declarant arrived at a battered women's shelter at 8:00 a.m. The declarant had been injured badly enough that the trial judge described the photographs of her injuries which the government wished to introduce as "unpleasant."

---

[7] The *Cruz* Court was assessing an argument advanced *pro se* by the appellant in a separate brief. It is, therefore, likely that the appellant's argument that the statement should not have been admitted as an excited utterance was not as well presented to the Court as it might have been.

The First Circuit held that the trial judge had not abused his discretion in admitting the 8:00 a.m. statement as an excited utterance as it was "likely that [declarant] continued to suffer from the trauma of the beating" when she made the statement. *Id.* at 30. The Court upheld the admission of the statement based upon its assumption that "it is likely that [declarant] continued to suffer from the trauma of the beating when she fled to the women's shelter." *Id. See Tavaras*, 380 F.3d at 537 (noting that *Cruz* was based on the Court's assumption that the declarant was still suffering from trauma at the time she made the declaration at issue). The alleged startling event would, had it occurred in the manner which D.S. will testify it did, likely have been traumatizing. However, without minimizing the trauma which would arise from an event such as that described by D.S. (if it occurred, which defendant contends it did not), that trauma is not comparable to the trauma which would have been suffered by a woman who had been brutally beaten over some period of time and then been unable to escape for some further period of time.[8]

## II.   THE STATEMENTS ARE NOT ADMISSIBLE AS PRESENT SENSE IMPRESSION.

A hearsay statement may be admitted as present sense impression under Fed. R. Evid. 803(1) if it is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Rule 803(1). *See Makuc v. American Honda Motor Co., Inc.,* 835 F.2d 389 (1st Cir. 1987). The generally accepted standard for

---

[8] *Cruz* is an anomalous decision, as it is for the proponent to demonstrate that the declaration was made under the influence of unremitting trauma, not for the Court to assume that that requirement was satisfied. In any event, given the lapse of time and the apparent lack of evidence regarding the declarant's emotional state at the time the statement was made, a judge would not have abused his discretion in excluding the declarant's statement in *Cruz*. The fact that the First Circuit upheld the admission of the statement in *Cruz* does not in any way obligate this Court to admit statements made well after the alleged "startling event."

determining whether a statement falls within the present sense impression exception to the hearsay rule is: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narrative; and (3) the declaration and the event described must be contemporaneous." *United States v. Mitchell*, 145 F.3d 572, 576 (3rd Cir. 1998). *See, e.g., United States v. Ferber*, 966 F. Supp. 90, 97 (D. Mass. 1997). The rationale for the exception is that "the substantial contemporaneity of the statement and the events described or explained affects the likelihood of deliberate or conscious misrepresentation." *Id.*

The contemporaneity requirement of Rule 803(1) is considerably tighter than that of Rule 803(2). While hearsay statements are admissible as excited utterances if they were made "while the declarant was under the stress of excitement caused by the event or condition," Rule 803(2), Rule 803(1) requires that the statement have been made contemporaneously with the *event* to which the statement relates, or *immediately* thereafter. *See United States v. Alexander*, 331 F.3d 116, 122 n.5 (D.C.Cir. 2003). *See also Makuc*, 835 F.2d 389, 391 (1st Cir. 1987)(statement must have been made "while the defendant was perceiving the event or immediately thereafter"). The statements made by D.S. are entirely too temporally remote from the alleged incident to be admissible as present sense impression.

### III. THE STATEMENTS ARE NOT ADMISSIBLE UNDER FED. R. EVID. 803(3).

Rule 803(3) embodies a hearsay exception for "statement[s] of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including . . . statement[s] of memory or belief to prove the fact remembered or believed . . . ." The requirements for admissibility under Rule 803(3) are: "(1) the statement must be contemporaneous with the mental state sought to be proven; (2) it must be

shown that the declarant had no time to reflect, that is, no time to fabricate and misrepresent his thoughts; and (3) the declarant's state of mind must be relevant to an issue in the case." *United States v. Neely*, 980 F.2d 1074, 1083 (7th Cir. 1992). A statement which merely recounts past events is not admissible under Rule 803(3). *See Marshall v. Commonwealth Aquarium*, 611 F.2d 1, 5 (1st Cir. 1979), The exclusionary language of Rule 803(3) is "necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind." *Id.*, *quoting* 1972 Advisory Committee Note to Proposed Rule 803(3). *See, e.g., United States v. Alzanki*, 54 F.3d 994, 1008 (1st Cir. 1995); *United States v. Lentz*, 282 F.Supp.2d 399, 411-12 (E.D.Va. 2002), *aff'd*, 58 Fed. Appx. 961 (2003).

D.S.'s state of mind at the time she made her statements to the troopers is irrelevant to any issue in this case. In addition, her statements to the troopers, insofar as has been revealed to defendant through a report of the interviews prepared by Hogaboom and the testimony of Hogaboom and Sullivan before a state grand jury, D.S. did not make any statements regarding her then-existing "state of mind, emotion, sensation, or physical condition," but only recounted her version of the events which occurred on the plane. They cannot, therefore, be admitted under Rule 803(3).

**CONCLUSION**

For all the foregoing reasons, this Court should exclude from evidence at the trial of this case the statements made by D.S. to the state troopers after the plane landed in Boston.

Respectfully submitted,

By his attorneys,

| | |
|---|---|
| */s/ Kimberly Homan* | */s/ James W. Lawson* |
| Kimberly Homan | James W. Lawson |
| Mass Bar No. 239000 | Mass. Bar No.289300 |
| 20 Park Plaza, Suite 905 | OTERI, WEINBERG & LAWSON |
| Boston, Massachusetts 02116 | 20 Park Plaza, Suite 905 |
| (617) 227-8616 | Boston, Massachusetts 02116 |
| | (617) 227-3700 |

Date: 2/25/05