UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
                                           )
UNITED STATES OF AMERICA    )
                                           )
v.                                         )          Cr. No. 04-10038-MLW
                                           )
DEEPAK JAHAGIRDAR            )
                                           )
_____  )


**DEFENDANT DEEPAK JAHAGIRDAR'S REQUESTS FOR
INSTRUCTIONS TO THE JURY**[1]


Respectfully submitted,

By his attorneys,


*/s/ Kimberly Homan*                     */s/ James W. Lawson*
Kimberly Homan                           James W. Lawson
Mass Bar No. 239000                      Mass. Bar No.289300
20 Park Plaza, Suite 905                 OTERI, WEINBERG & LAWSON
Boston, Massachusetts 02116              20 Park Plaza, Suite 905
(617) 227-8616                           Boston, Massachusetts 02116
                                         (617) 227-3700
                                         Date: 2/25/05

_____

[1]

    Decisions as to the defenses on which defendant will rely at trial and the evidence which he will present at trial have not yet been completely finalized. Once those decisions have been made, it is defendant's expectation that he will need to submit additional requests for instructions, and he seeks leave to do so.

**REQUEST NO. 1**

The government has the burden at all times to prove all the elements of the offenses charged beyond a reasonable doubt, and you may not convict Mr. Jahagirdar unless you find beyond a reasonable doubt that he committed the offenses charged, as I will define [have defined] them for you. In determining whether the government has or has not proven beyond a reasonable doubt that Mr. Jahagirdar committed the offenses with which he is charged, you may not let yourselves be influenced by any feelings of sympathy for [D.S.]. Similarly, you must not let yourselves be influenced by feelings of disapproval or distaste for the alleged actions of Mr. Jahagirdar or by a belief or opinion that he acted immorally.

**REQUEST NO. 2**

**<u>Indictment Is Not Evidence</u>**

An indictment is only a formal method used by the government to accuse a defendant of a federal crime; it sets forth the description of the charges against Mr. Jahagirdar. The indictment is not to be considered by you as evidence of any kind against Mr. Jahagirdar. Mr. Jahagirdar pleaded not guilty to the charges against him and denies that he committed the crimes charged. He is presumed innocent and may not be found guilty by you unless all of you find unanimously that the government has proven his guilt beyond a reasonable doubt.

---

First Circuit Pattern Jury Instruction 1.02 (2002 revision); O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* §13.04 (5th ed.)

**REQUEST NO. 3**

**Penetration Required For Finding of Guilt on Count I**

To convict Mr. Jahagirdar of the offense charged in Count I of the indictment you must find beyond a reasonable doubt that he knowingly engaged in a sexual act with [D.S.] when she was physically incapable of declining participation in, or communicating unwillingness to engage in that sexual act. An act is a sexual act only if there was penetration, however slight, of [D.S.'s] vagina. Unless you can find unanimously and beyond a reasonable doubt that Mr. Jahagirdar's finger penetrated [D.S.'s] vagina, you must acquit him of the offense charged in Count I.

---

18 U.S.C. §§2242, 2246(2).

**REQUEST NO. 4**

A defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions – one that the defendant is guilty as charged, the other that the defendant is not guilty – you will find the defendant not guilty.

---

Part of instruction expressly approved by First Circuit in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997). *See* Comment to First Circuit Pattern Jury Instruction 3.02 (2002 revision).