# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                      )
       v.                 )       CRIMINAL NO. 04-10038-MLW
                      )
DEEPAK JAHAGIRDAR       )

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America by and through Assistant United States Attorney John T. McNeil hereby submits, pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned case. The United States also requests leave to file additional or amended instructions as may become appropriate, before and during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: March 1, 2005            By: /s/John T. McNeil
                                 JOHN T. MCNEIL
                                 Assistant U.S. Attorney

# TABLE OF CONTENTS

**Preliminary Instructions**                                                                 Page

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME . . . . . . . . . . . . . . . . . . . . . . . . . 3

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES . . . . . . . . . . . . . . . . . . . . 5

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Final Instructions**

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . . . . . . . . . . . . . . . . 14

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . . . . . . 15

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . 16

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . . . . . 17

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CAUTIONARY AND LIMITING INSTRUCTIONS
        AS TO PARTICULAR KINDS OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

EXPERT TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

COUNT I: SEXUAL ABUSE/ATTEMPTED SEXUAL ABUSE
    18 U.S.C. § 2242(2) & 49 U.S.C. § 46506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

PROOF OF KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

STATE OF THE VICTIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

ATTEMPT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

JURY UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

COUNT II: ABUSIVE SEXUAL CONTACT
    18 U.S.C. § 2242(A)(2) & 49 U.S.C. § 46506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE . . . . . . . . . . 35

FOREPERSON'S ROLE: UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

# PRELIMINARY

# INSTRUCTIONS

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

**NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney John McNeil.  The defendant, DEEPAK JAHAGIRDAR, is represented by James Lawson.

The defendant has been charged by the government with two violations of federal law.  First, he is charged with the sexual abuse or attempted sexual abuse of a young woman while she was asleep aboard a commercial aircraft in flight.  Second, he is charged with abusive sexual contact with this young woman while she was asleep aboard a commercial aircraft in flight.  These crimes are alleged to have occurred on or about March 31, 2002, aboard a Delta Air Lines flight from Dallas/Fort Worth Airport to Boston Logan International Airport.  The charges against the defendant are contained in the Indictment.  The Indictment is simply a description of the charge against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and denies committing the crimes.  He is  presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.02 (1998)

2

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

In order to find the defendant guilty of the first count in the Indictment the government must prove beyond a reasonable doubt each of the following elements of the offense:

1. First, that on or about March 31, 2002, DEEPAK JAHAGIRDAR intentionally engaged in, or attempted to engage in, the penetration, however slight, of the genital opening of another person by a hand or by a finger;

2. Second, that DEEPAK JAHAGIRDAR did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify a sexual desire of any person;

3. Third, that the person to whom such conduct was directed was incapable of appraising the nature of the conduct, or was physically incapable of declining participation in, or communicating unwillingness to engage in, said conduct; and

4. Fourth, that DEEPAK JAHAGIRDAR engaged in this conduct while in the special aircraft jurisdiction of the United States; in this case that means the conduct occurred while on board a civil aircraft of the United States in flight, or while on board any aircraft in flight which has its next scheduled destination in the United States and in fact next lands in the United States.

In order to find the defendant guilty of the second count in the Indictment the government must prove beyond a reasonable doubt each of the following elements of the offense:

1. First, that on or about March 31, 2002, DEEPAK JAHAGIRDAR knowingly engaged in or caused the intentional touching, either directly or through the clothing, of the genitalia, groin, or inner thigh of any person;

2. Second, that DEEPAK JAHAGIRDAR did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify a sexual desire of any person;

3. Third, that the person to whom such conduct was directed was incapable of appraising the nature of the conduct, or was physically incapable of declining participation in, or communicating unwillingness to engage in, said conduct; and

4. Fourth, that DEEPAK JAHAGIRDAR engaged in this conduct while in the special aircraft jurisdiction of the United States; in this case that means the conduct occurred while on board a civil aircraft of the United States in flight, or while on board any aircraft in flight which has its next scheduled destination in the United States and in fact next lands in the United States.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you final instructions on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.04 (1998).
18 U.S.C. §§ 2242(2) & 2244;
49 U.S.C. § 46506.

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05 (1998).

6

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security

officer to give to me; and

    Eighth, do not make up your mind about what the verdict should be until after you have gone

to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

**NOTE-TAKING**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed

pencils and pads for your use.  I want to give you a couple of warnings about taking notes,

however.  First of all, do not allow your note-taking to distract you from listening carefully to the

testimony that is being presented.  If you would prefer not to take notes at all but simply to

listen, please feel free to do so.  Please remember also from some of your grade-school

experiences that not everything you write down is necessarily what was said.  Thus, when you

return to the jury room to discuss the case, do not assume simply because something appears in

somebody's notes that it necessarily took place in court.  Instead, it is your collective memory

that must control as you deliberate upon the verdict.  Please take your notes to the jury room at

every recess.  I will have the courtroom deputy collect them at the end of each day and place

them in the vault.  They will then be returned to you the next morning.  When the case is over,

your notes will be destroyed.  These steps are in line with my earlier instruction to you that it is

important that you not discuss the case with anyone or permit anyone to discuss it with you.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.08(1998).

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use

in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09 (1998).

# FINAL

# INSTRUCTIONS

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.01 (1998).

14

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, DEEPAK JAHAGIRDAR, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that DEEPAK JAHAGIRDAR is guilty of the crime or crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of DEEPAK JAHAGIRDAR's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998).

15

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**

DEEPAK JAHAGIRDAR has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

16

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial. That is the power to draw inferences.

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it has not been proven in that fashion, you must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence. Any inference which you draw from such facts must be a

17

reasonable and natural one and not merely conjecture or guesswork.

You are entitled to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 and 3.05 (1998);
United States v. Clifford, 979 F.2d 896 (1st Cir. 1992);
United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992);
United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## CREDIBILITY OF WITNESSES

As the jury, you alone decide the weight, the effect, and the value of the evidence and the credibility, that is, the believability, of the witnesses.  You do not have to accept the testimony of any witness if you find the witness not believable.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06 (1998);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 15.01 (5th ed. 2000).

**CAUTIONARY AND LIMITING INSTRUCTIONS
AS TO PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only.  That is, it

can be used by you only for one particular purpose, and not for any other purpose.  I have told

you when that occurred, and instructed you on the purposes for which the item can and cannot be

used.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.07 (1998).

20

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A
stipulation means simply that the government and the defendant accept the truth of a particular
proposition or fact. Since there is no disagreement, there is no need for evidence apart from the
stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

21

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court. The Indictment proves nothing.


First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08 (1998).

22

**EXPERT TESTIMONY**

You have heard testimony from a person described as an expert.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, consider the factors that generally bear upon the credibility of a witness as well as the expert's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.06 (1998).

## PUNISHMENT

The punishment provided by law for the offense charged in the indictment is a matter solely for the judge to decide. The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

Fifth Circuit Pattern Jury Instructions (Criminal) § 1.20 (1997);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 20.01 (5th ed. 2000).

24

## COUNT I: SEXUAL ABUSE/ATTEMPTED SEXUAL ABUSE
## 18 U.S.C. § 2242(2) & 49 U.S.C. § 46506

Let us now turn to the charge in the Indictment. Count I charges DEEPAK

JAHAGIRDAR with violating Title 18, United States Code, Section 2242(2) and Title 49,

United States Code, Section 46506. These are criminal statutes which provide that it is

unlawful for any person, while aboard a civil or commercial aircraft, to sexually abuse, or

attempt to sexually abuse, a person who was incapable of appraising the nature of the conduct,

was physically incapable of declining participation in, or communicating unwillingness to

engage in, that conduct.

The Indictment reads as follows:

The Grand Jury charges that:

On or about March 31, 2002, within the special aircraft jurisdiction of the United States

while on board Delta Air Lines Flight 2100 which originated in Texas and landed at Boston, in

the District of Massachusetts,

### DEEPAK JAHAGIRDAR,

defendant herein, knowingly engaged, and attempted to engage, in a sexual act (to wit: the

penetration, however slight, of the genital opening of another by a hand and by a finger, with

the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any

person) with another person, to wit: "D. S.", when said person was incapable of appraising the

nature of the conduct and was physically incapable of declining participation in, or

communicating unwillingness to engage in, said sexual act.

All in violation of Title 18, United States Code, Section 2242(2) and Title 49, United

States Code, Section 46506.

In order to find the defendant guilty of Count I, you must be satisfied beyond a

25

reasonable doubt of the following four elements:

1.     First, that on or about March 31, 2002, DEEPAK JAHAGIRDAR knowingly

engaged in, or attempted to engage in, the penetration, however slight, of the

genital opening of another person by a hand or by a finger;

2.     Second, that DEEPAK JAHAGIRDAR did so with the intent to abuse, humiliate,

harass, degrade, or arouse or gratify a sexual desire of any person;

3.     Third, that the person to whom such conduct was directed was incapable of

appraising the nature of the conduct, or was physically incapable of declining

participation in, or communicating unwillingness to engage in, said conduct act;

and

4.     Fourth, that DEEPAK JAHAGIRDAR engaged in this conduct while in the

special aircraft jurisdiction of the United States; in this case that means the

conduct occurred while on board a civil aircraft of the United States in flight, or

while on board any aircraft in flight which has its next scheduled destination in

the United States and in fact next lands in the United States.

18 U.S.C. § 2242(2) ;
49 U.S.C. §§ 46501 & 46506;
United States v. Georgescu, 723 F.Supp. 912 (E.D.N.Y.1989)(assault aboard foreign aircraft with next scheduled stop in United States)
 First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998).

**KNOWLEDGE**

The government must establish that the defendant engaged, or attempted to engage, in the conduct knowingly.  Conduct is undertaken or attempted knowingly if it is done voluntarily and intentionally, not because of mistake or accident.

This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Tracy, 36 F.3d 187, 194-95 (1st Cir. 1994);
United States v. Field, 39 F.3d 15, 17 (1st Cir. 1994);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 17.04 (5th ed. 2000).

**PROOF OF KNOWLEDGE**

Because it is impossible to prove through direct evidence the inner workings of the

human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding

whether something is done knowingly, the jury may consider the actions of the defendant, all of

the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn

from those facts and circumstances.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
1 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 6-17 (1999);
1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000).

## STATE OF THE VICTIM

As I have already mentioned, one of the elements the government must prove beyond a reasonable doubt is that the victim was incapable of appraising the nature of the conduct, or was physically incapable of declining participation in, or communicating unwillingness to engage in, said sexual act.  I instruct you that sleep, intoxication by alcohol or intoxication by medications or narcotics, may render someone incapable of appraising the nature of the conduct; may render someone physically incapable of declining participation in such conduct; and may render someone incapable of communicating unwillingness to engage in such conduct.  In other words, the government does not need to prove that the victim has some organic physical or mental infirmity.  The government only needs to prove that at the moment of the defendant's conduct, the victim was incapable of appraising the nature of the conduct, was physically incapable of declining participation in, or was incapable of communicating unwillingness to engage in the sexual act.  If you find beyond a reasonable doubt that the victim was asleep at the time the defendant sexually abused her, or attempted to sexually abuse her, then the government has met its burden of proof on this element.

United States v. Barrett, 937 F.2d 1346, 1348 (8th Cir. 1991)(victim consumed 8 cans of beer, a marijuana cigarette, and was sleeping at time of assault);
United States v. Peters, 277 F3d 963, 968 (7th Cir 2002)(citing Barrett for proposition that sleep alone is sufficient to find element met);
United States v. Williams, 89 F.3d 165, 168 (4th Cir. 1994)(noting that if victim drunk or asleep it would meet this element of the offense).

29

**ATTEMPT**

As I just noted, there are two ways that the government can prove the first count of the Indictment.  It may prove <u>either</u> that DEEPAK JAHAGIRDAR knowingly engaged in the penetration, however slight, of the genital opening of another person by a hand or by a finger, or it may prove that DEEPAK JAHAGIRDAR <u>attempted</u> to engage in the penetration, however slight, of the genital opening of another person by hand or by a finger.

In order to find the defendant guilty of attempting to engage in the sexual abuse of the victim, you must find five things  beyond a reasonable doubt:

1.    First, that DEEPAK JAHAGIRDAR intended to engage in the penetration, however slight, of the genital opening of another person by a hand or by a finger;

2.    Second, that DEEPAK JAHAGIRDAR engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of a criminal scheme.  A "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.   A "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an intent.

3.    Third, that DEEPAK JAHAGIRDAR did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify a sexual desire of any person;

4.    Fourth, that the person to whom such conduct was directed was incapable of

appraising the nature of the conduct, or was physically incapable of declining

participation in, or communicating unwillingness to engage in, said conduct act;

and

5.    Fifth, that DEEPAK JAHAGIRDAR engaged in this conduct while in the special

aircraft jurisdiction of the United States as I have defined that term earlier.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 4.01 (1998)**.**

## JURY UNANIMITY

In considering your verdict on Count I, it is not necessary that the government prove both the actual sexual abuse and the attempted sexual abuse alleged in the Indictment. The government needs to prove only one of the means alleged: that is, it must prove either the actual abuse or the attempted abuse. However, and this is important, you may only find the defendant guilty of Count I if you all agree, unanimously, on at least one of those means. That is, you cannot find the defendant guilty if some of you think that <u>only</u> the abuse occurred and the rest of you think that <u>only</u> the attempted abuse occurred.

1A Fed. Jury Prac. & Instr. § 13.05 (5th ed.)(2004) adapted.
SAND, § 48.04[3], at 48-51 (1995).

## COUNT II: ABUSIVE SEXUAL CONTACT
### 18 U.S.C. § 2242(a)(2) & 49 U.S.C. § 46506

Count II charges DEEPAK JAHAGIRDAR with violating Title 18, United States Code, Section 2244(a)(2) and Title 49, United States Code, Section 46506.  These are criminal statutes which provide that it is unlawful for any person, while aboard a civil aircraft, to knowingly engage in sexual contact with a person who was incapable of appraising the nature of the conduct, was physically incapable of declining participation in, or communicating unwillingness to engage in, that conduct.

The Indictment reads as follows:

The Grand Jury charges that:

On or about March 31, 2002, within the special aircraft jurisdiction of the United States while on board Delta Air Lines Flight 2100 which originated in Texas and landed at Boston, in the District of Massachusetts,

### DEEPAK JAHAGIRDAR,

defendant herein, knowingly engaged in and caused sexual contact (to wit: the intentional touching, either directly or through the clothing, of the genitalia, groin, and inner thigh of any person, with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person) with another person, to wit: "D. S.", when said person was incapable of appraising the nature of the conduct and was physically incapable of declining participation in, or communicating unwillingness to engage in, said sexual act.

All in violation of Title 18, United States Code, Section 2244(a)(2) and Title 49, United States Code, Section 46506.

34

In order to find the defendant guilty of the second count in the Indictment the government must prove beyond a reasonable doubt each of the following elements of the offense:

1.  First, that on or about March 31, 2002, DEEPAK JAHAGIRDAR knowingly engaged in and caused the intentional touching, either directly or through the clothing, of the genitalia, groin, and inner thigh of any person;

2.  Second, that DEEPAK JAHAGIRDAR did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify a sexual desire of any person;

3.  Third, that the person to whom such conduct was directed was incapable of appraising the nature of the conduct, or was physically incapable of declining participation in, or communicating unwillingness to engage in, said sexual act; and

4.  Fourth, that DEEPAK JAHAGIRDAR engaged in this conduct while in the special aircraft jurisdiction of the United States; in this case that means the conduct occurred while on board a civil aircraft of the United States in flight, or while on board any aircraft in flight which has its next scheduled destination in the United States and in fact next lands in the United States.

The instructions I have already given you on knowledge, the condition of the victim, and on special aircraft jurisdiction are applicable to Count II of the Indictment.

18 U.S.C. § 2244(a)(2) ; 49 U.S.C. §§ 46501 & 46506; First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998).

**LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE**

Although the Indictment charges in the conjunctive "and," the government only needs to prove in the disjunctive "or." For instance, the Indictment refers to the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person. The government need only prove one of those intents: that is, the government only need to prove an intent to harass, an intent to degrade, an intent to arouse the sexual desire of any person, or an intent to gratify the sexual desire of any person. It does not need to prove all four.

United States v. McCann, 465 F.2d 147, 162 (5th Cir. 1972);
Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969).

**FOREPERSON'S ROLE: UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998).

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998).

**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03 (1998).

39

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

 **Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.04 (1998).

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.05 (1998);