UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10038-MLW |
| | ) | |
| DEEPAK JAHAGIRDAR | ) | |

**GOVERNMENT'S SUMMARY OF TESTIMONY TO
BE OFFERED UNDER FED. R. EVID. 702**

The United States of America, by and through Assistant United States Attorney John T. McNeil respectfully submits this summary of expert testimony it expects to elicit at trial and the qualifications of the testifying witness, pursuant to Fed. R. Crim. P. 16(a)(1)(E) and (b)(1)(C).

1. **Massachusetts State Police Chemist Kellie A. Bogosian**

   A. **Summary of Anticipated Testimony**

   Massachusetts State Police Chemist Kellie A. Bogosian will testify consistent with the reports of her analyses dated May 9, 2003 and April 29, 2004. In sum, Ms. Bogosian will testify generally about the nature of nuclear DNA, and how that DNA is recovered, extracted, amplified, and analyzed for purposes of identifying biological evidence recovered from crime scenes. In particular she will testify that she employs a standard laboratory procedure for recovering, extracting, amplifying and analyzing thirteen (13) genetic loci plus Ameolgenin (indicator of sex) of nuclear DNA found on samples brought to the State Police laboratory.

   With specific reference to this case, Ms. Bogosian will testify that she extracted,

1

amplified, and analyzed nuclear DNA recovered from two samples taken from the defendant's hands on the evening of March 31, 2002.[1] The extraction, amplification, and analysis of these two samples were conducted between April 11, 2003 and May 9, 2003.

Ms. Bogosian will also testify that she extracted, amplified and analyzed a known nuclear DNA sample which had been obtained from Victim D.S. on August 16, 2002; Ms. Bogosian's analysis of this standard was conducted between April 14, 2003 and May 9, 2003. Ms. Bogosian will also testify that she extracted, amplified, and analyzed a known nuclear DNA sample which had been taken from the defendant on January 13, 2004; she conducted this analysis between April 9, 2004 and April 20, 2004.

Ms. Bogosian will testify that she compared the results obtained from these four samples. She will testify that the two samples taken from the defendant on the evening of March 31, 2002, revealed the presence of a mixture of DNA from at least two individuals. The major profile in the DNA mixture taken from both of the defendant's hands matched the DNA profile of the defendant, at each of the 13 genetic loci and Ameolgenin. With respect to the DNA minor profiles from the samples taken from the defendant's hands on the evening of the crime, Victim D.S. is included as a potential contributor to each of the minor profiles in that her DNA profile is included at each of the 13 genetic loci and Ameolgenin. In particular, with respect to the DNA mixture taken from the defendant's right hand on March 31, 2002, Ms.

---

[1] Massachusetts State Police Chemist Carol Courtwright was the individual who collected the samples for later analysis by Ms. Bogosian. Ms. Courtwright will testify that the first sample was a composite of swabbings from the defendant's right hands and scrapings from underneath the fingernails of the defendant's right hand. She will also testify that the second sample was a composite of swabbings taken from the defendant's left hand and scrapings from underneath the fingernails of the left hand.

2

Bogosian will testify that the probability of a randomly selected individual unrelated to Victim D.S. contributing to the DNA mixture is approximately 1 in 743,200 of the Caucasian population. Thus, Ms. Bogosian will testify that the probability that someone other than Victim D.S. would have this minor profile of DNA is 1 in 743,2000, and that the analysis strongly supports the hypothesis that the minor profile DNA found on the defendant's hands came from Victim D.S.

In the course of her testimony, Ms. Bogosian will testify that she obtained Victim D.S.'s complete DNA profile (included at all 13 loci) from the DNA recovered from both of the defendant's hands, and that she found a surprisingly large quantity of that DNA on the defendant's right hand. Ms. Bogosian will testify that in her training and experience it is unusual to obtain a complete minor profile of DNA on another person's hand through skin to skin contact alone, because the amount of DNA from the major contributor usually overwhelms and masks the small amount of DNA left by the minor contributor. Moreover, with respect to the likelihood that the DNA was from Victim D.S.'s body, as calculated above, the probability calculated is very high for a minor profile.

Ms. Bogosian will also testify that in her training and experience, the relatively large quantity of the minor profile DNA as well as the high probability that it came from Victim D.S. is the result of a relatively large amount of epithelial cells deposited by Victim D.S. on the hands of the defendant. Such a large deposit of such cells on the defendant's hands is consistent with contact with a portion of Victim D.S.'s body which is abraded by clothing, such as the waistband of a pair of pants, or the elastic on underwear. It is also consistent with the large quantity of epithelial cells in the mucus membrane of the vaginal area; such cells are

3

sloughed-off by the vagina, and can be found in large quantities in vaginal secretions in underwear.

Ms. Bogosian will testify that a complete minor profile, the relatively large quantity of minor profile DNA, and the concomitant high probability that the minor profile came from Victim D.S. is not consistent with brief casual contact of skin surfaces which are normally exposed (such as the back of an arm), or with the secondary transfer of DNA (the transfer of DNA from one person to an object, and then the subsequent transfer of DNA on that object to another person.)

### B. Qualifications and Bases for Opinions

Ms. Bogosian is a recognized expert in the extraction, amplification and analysis of nuclear DNA from forensic samples and has testified as such in approximately 40 cases. Ms. Bogosian's specialized experience and training is outlined in her curriculum vitae attached as Exhibit 1. In addition, Ms. Bogosian will testify that she has been employed at the Massachusetts State Police lab for the last eight (8) years first in the toxicology unit and then in the criminalistics unit. She has been routinely performing DNA extractions, amplifications and analyses for the past five (5) years, has performed DNA work on between 3,000 and 4,000 samples in more than 200 investigations. Moreover, during her work with the Massachusetts State Police she has responded to and taken samples from more than 300 crime scenes.

Ms. Bogosian is subject to DNA proficiency testing twice each year (one of which is by an outside entity) and has successfully completed each such test administered in the last five years. Moreover, her work is overseen by senior chemists at the State Police laboratory, and is subject to a rigorous quality assurance protocol, including an independent data interpretation of

each sample analyzed.

The State Police laboratory in which she works is certified by the American Society of Crime Lab Directors and is subject to external audits every other year. The lab was subject to such an audit in February 2003, just prior to the analysis of the samples obtained from the defendant in this case.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

Date: March 4, 2005                  By: 
                                           JOHN T. MCNEIL
                                           Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on counsel for the defendant, James W. Lawson, Esq., Oteri, Weinberg & Lawson, 20 Park Plaza, Suite 905, Boston, MA 02116, by sending a copy by first class mail to him on March 4, 2005.

John T. McNeil
Assistant U.S. Attorney