UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 04-10038-MLW |
| ) | |
| DEEPAK JAHAGIRDAR ) | |
| _____ ) | |

**DEFENDANT DEEPAK JAHAGIRDAR'S SUPPLEMENTAL MOTION
*IN LIMINE* RELATING TO EVIDENCE OF UNRELATED SEXUAL
MISCONDUCT ON AIRPLANES**

Now comes the defendant Deepak Jahagirdar and supplements his previously-filed Motion *In Limine* to Exclude Testimony of S.M. and Incorporated Memorandum of Law ("S.M. Memo"). This supplementation is essential because the government notified defendant by letter on March 8, 2005, that it intended to introduce additional evidence regarding unrelated sexual MISCONDUCT committed on airplanes by persons other than Jahagirdar. At the time that defendant filed his motion *in limine* relating to the testimony of S.M., the government had not yet formally notified defendant of its intent to seek to introduce this additional evidence. Much of the discussion in the memorandum of law supporting the prior motion *in limine* is equally applicable to the additional evidence which the government proposes to introduce, and defendant incorporates that motion and memorandum of law herein by reference.

The government's March 8, 2005, communication informed defendant as follows:

> As I have indicated in prior correspondence and conversations, if the defendant intends to argue, or imply through cross-examination of witnesses, that assaultive conduct of the type the defendant is charged in this case does not occur on airplanes, the government intends to offer evidence to rebut such an argument or inference. It is the government's view that such an argument would mislead the jury and is inconsistent with demonstrated instances of such conduct in other cases.
>
> In particular, among the evidence the government intends to offer at trial to

rebut such an argument or inference, is the testimony of Victim S.M., who was assaulted in a remarkably similar manner while falling asleep aboard an aircraft. In addition to revealing that such conduct occurs on commercial aircraft, Victim S.M. will testify that it wasn't until the second or third time that the assailant put his hands into her pants that she realized what was happening and confronted him. The government also intends to offer into evidence the underlying facts in the *Breitweiser* case, where a 14 year old girl was touched a number of times by a male passenger. After this touching, the defendant proceeded to masturbate while seated next to this young girl on the airplane. In addition, in preparing its response to the defendant's motion in limine, the government has learned from Delta Air Lines that for the two years that the airline has kept statistics (2003 and 2004), there were 30 reported instances of sexual misconduct and one reported instance of sexual abuse aboard Delta flights. The sexual abuse was an intentional touching of a man's genitals (I believe it was through the clothing, but will confirm this with Delta). With respect to the reported instances of sexual misconduct, the most common type was the touching of women sleeping on flights by men seated next to them. I am currently seeking statistical evidence of such assaults from the FAA and the TSA, and will provide that information to you as soon as it becomes available.

This additional evidence is irrelevant for all the reasons addressed in the prior memorandum relating to the proposed testimony of S.M. The defendant does *not* intend "to argue, or imply through cross-examination of witnesses, that assaultive conduct of the type the defendant is charged in this case does not occur on airplanes." The focus of the defense will be to demonstrate to the jury that Jahagirdar is not guilty of the particular offenses with which he is charged. No part of his defense will argue or imply that acts of the sort with which Jahagirdar is charged never occur on airplanes.

Even if this additional evidence could be found to have any relevance at all to the question of whether Jahagirdar committed the offenses with which he is charged, any such relevance would be substantially outweighed by the danger of unfair prejudice to him. *See* S.M. Memo at 7-9. Moreover, the truth of defendant's prediction in the prior memorandum that the trial of this case could devolve into a mini-trial regarding unrelated acts of sexual misconduct aboard airplanes, *see* S.M. Memo at 9, is confirmed by the scope of the evidence on this issue which the government now proposes to

introduce at trial. This evidence will not only mislead and confuse the jury but will also waste a considerable amount of trial time. It should, therefore, be excluded under Fed. R. Evid. 403.

The underlying facts of *United States v. Breitweiser*, 357 F.3d 1249 (11th Cir. 2004), are not admissible for several additional reasons. First, the facts of *Breitweiser* are entirely too dissimilar to D.S.'s version of events to have any relevance whatsoever to this case. In *Breitweiser*, according to the facts recited by the Eleventh Circuit, the only touching of a sexual nature by the defendant consisted of putting "his hand on [the girl's] leg with his fingers spread out and rubb[ing] it up and down her inner thigh," *id.* at 1252, which conduct was the subject of the charge against him of abusive sexual contact with a minor.[1] The *Breitweiser* facts have, therefore, no tendency to prove that men put their hands inside the pants and panties of sleeping women on airplanes and touch their vaginas, as the government has charged in this case.

Moreover, the fact portion of the *Breitweiser* opinion is inadmissible hearsay: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The government clearly intends to introduce the evidence to prove that Breitweiser had inappropriate sexual contact with a girl on an airplane, *i.e.*, for the truth of the matter. Factual findings in other cases are hearsay. *See, e.g., Herrick v. Garvey*, 298 F.3d 1184, 1191 (10th Cir. 2002); *United States Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001); *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993); *Ages Group, L.P. v. Raytheon Aircraft Co., Inc.*, 22

---

[1] The government's statement that the *Breitweiser* defendant touched the girl numerous times is somewhat misleading. The other touchings – of her hands, face, and hair – were not of a sexual nature and were charged only as simple assault of a minor. *Id.* at 1252. In addition, unlike D.S.'s version of events, the girl in *Breitweiser* was fully awake.

F.Supp.2d 1310, 1316 (M.D.Ala. 1998). The facts of *Breitweiser* do not, moreover, fall within any exception to the hearsay rule. The factual portion of the *Breitweiser* opinion is not admissible as a public record under Fed. R. Evid. 803(8), as it is not a "[r]ecord[], report[], or data compilation[]" which sets forth either "the activities of the office or agency" or "matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . ."

The government has not notified Jahagirdar that it intends to ask this Court to take judicial notice of the facts set forth in the *Breitweiser* opinion, *see* Fed. R. Evid. 201(e), but Jahagirdar will address the issue here briefly. The Court may not take judicial notice of the *Breitweiser* facts for their truth. *See, e.g., Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir.)("Factual findings in one case are generally not admissible for their truth in another case through judicial notice"), *cert. denied sub nom. Alameida v. Wyatt*, 540 U.S. 810 (2003); *International Star Class Racing Ass'n v. Tommy Hilfiger USA, Inc.*, 146 F.3d 66, 70 ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted, but rather to establish the fact of such litigation and related findings"); *Jones*, 29 F.3d at 1553 (a court may take judicial notice of another court's order "only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation"); *United States v. New Form Mfg. Co., Ltd.,* 277 F.Supp.2d 1313, 1325 n.14 (C.I.T. 2003)("judicial notice of a sister court's records is taken for the limited purpose of recognizing that court's judicial act; [i]t does not recognize the sister court's findings of fact as true"). *Cf. White v. Gittens*, 121 F.3d 803, 805 n.1 (1st Cir. 1997)("we may take judicial notice of published state court *dispositions* of cases"(emphasis added)).[2]

---

[2] *Senior Loiza Corp. v. Vento Devel. Corp.*, 760 F.2d 20, 25 (1st Cir. 1985), is not inconsistent with this proposition. In that case, the First Circuit stated that the district court could take judicial notice of "facts" in a First Circuit opinion involving the same parties. Although *Senior*

In addition, the *Breitweiser* facts are not "adjudicative facts" within the meaning of Rule 201, which the Advisory Committee Notes to Rule 201 have defined as facts that "relate to the parties, their activities, their properties, their businesses."[3] *See United States v. Amado-Nunez*, 357 F.3d 119, 121 (1st Cir. 2004);[4] *see also United States v. Hilton*, 257 F.3d 50, 55 (1st Cir. 2001). Nor are the facts of *Breitweiser* "(1) generally known within the territorial jurisdiction of the the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b).

The Delta Airlines evidence also is not relevant to prove that acts such as that with which Jahagirdar is charged take place on airplanes. This data is too dissimilar to this case and too vague to be helpful to the jury in resolving any fact at issue. The only "sexual abuse" detailed in the Delta records was the touching of a man's genitals, which the government believes took place outside the man's clothing. The government then makes vague reference to acts of "sexual misconduct," and

---

*Loiza* referred to the matters at issue as "facts," a review of the prior opinion, *In re Vento Devel. Corp.*, 560 F.2d 2, 5 (1st Cir. 1977), reveals that the "facts" to which the Court referred were not facts at all, but conclusions of law, which would have been binding on the district court without invoking the concept of judicial notice. Those conclusions, added to other information in the plaintiff's complaint, were, the First Circuit held in *Senior Loiza*, sufficient to demonstrate that plaintiff had a valid claim against Vento and that the district court had not, therefore, erred in refusing to set aside a default judgment against Vento. Thus, *Senior Loiza* does not authorize judicial notice of *facts* for their truth.

[3] In what appears to be the vast majority of cases dealing with judicial notice of judicial opinions, the fact as to which judicial notice was sought was one found in separate litigation involving at least one of the parties to the current litigation, which could qualify the fact as an "adjudicative fact," as defined in the advisory committee notes.

[4] The *Breitweiser* facts cannot be considered "background" or "evaluative" facts of the sort discussed in *Amado-Nunez*, as to which judicial notice is unnecessary. 357 F.3d at 122. *See also Hilton*, 257 F.3d at 55 n.2 (1st Cir. 1997).

states that "the most common type [of sexual misconduct] was the touching of women sleeping on flights by men seated next to them." *See* page 2, *supra.* Defendant does not know whether the government has more precise information about the specific nature of the sexual misconduct which appears in the Delta records, but the information provided in its letter says nothing about the type of touching involved, whether the touching was outside or inside the woman's clothing, or whether the touching involved the insertion of a hand inside the panties of the sleeping woman and the touching or penetration of her vagina. Moreover, the Delta records, as the government indicates, compiled only *reports* of sexual misconduct; they cannot, therefore, establish that any such sexual misconduct actually occurred, which is the point for which the government wishes to use them.[5]

Evidence regarding the alleged S.M. incident, the *Breitweiser* facts, and the Delta evidence, would, if allowed to be introduced at trial, have the powerful potential to sway the jury to make its determination of Jahagirdar's guilt or innocence on an emotional basis unrelated to the facts of the particular case before it. The S.M. and *Breitweiser* facts are every traveling woman's nightmare, the *Breitweiser* facts being particularly creepy and frightening and the S.M. facts hardly less so. It would be almost impossible for such evidence *not* to evoke a strong emotional response in the jurors. *See* S.M. Memo at 8-9. Should this Court determine that this evidence has any relevance at all, and defendant believes that it does not, whatever minimal probative value, if any, the evidence might be found to have, would be vastly outweighed by the danger of unfair prejudice to Jahagirdar. The government's proposed evidence should be excluded under Rule 403.

---

[5] Defendant may have more specific evidentiary objections to the Delta evidence, but he does not know yet in what form the government will seek to introduce it.

**CONCLUSION**

For all the foregoing reasons, and for the reasons set forth in defendant's prior memorandum of law relating to the testimony of S.M., all evidence relating to sexual misconduct on airplanes committed by persons other than Jahagirdar should be excluded from evidence at the trial of this case.

                                                         Respectfully submitted,
                                                         By his attorneys,

| */s/ Kimberly Homan* | */s/ James W. Lawson* |
|---|---|
| Kimberly Homan | James W. Lawson |
| Mass. Bar No. 239000 | Mass. Bar. No.289300 |
| 20 Park Plaza, Suite 905 | OTERI, WEINBERG & LAWSON |
| Boston, Massachusetts 02116 | 20 Park Plaza, Suite 905 |
| (617) 227-8616 | Boston, Massachusetts 02116 |
|  | (617) 227-3700 |

Date: March 11, 2005