UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10038-MLW |
| | ) | |
| **DEEPAK JAHAGIRDAR** | ) | |

### GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION

The United States of America by and through Assistant United States Attorney John T. McNeil hereby submits, pursuant to Fed. R. Crim. P. 30, a request for a supplemental jury instruction in the above-captioned case. The United States also requests leave to file additional or amended instructions as may become appropriate, before and during the course of the trial.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

Date: March 24, 2005    By: /s/John T. McNeil
    JOHN T. MCNEIL
    Assistant U.S. Attorney

## PENETRATION OF THE GENITAL OPENING

As I have said, Count I requires the government to prove beyond a reasonable doubt that the defendant intentionally engaged in, or attempted to engage in, the penetration, however slight, of the genital opening of another person by a hand or by a finger. The term penetration means to pass into or through something. The term "genital opening" of a female includes not only the vagina itself, but also the anterior parts known as the vulva and labia. Penetration into the vagina is not required; rather, penetration of the labia majora, or outer lips, of the vulva is sufficient.

United States v. Norman T., 129 F.3d 1099, 1104 (10th Cir. 1997)(vaginal penetration not required to establish "penetration, however slight, of genital opening" and evidence of touching labia majora and labia minora sufficient);
Massachusetts Superior Court Criminal Practice Jury , § 2-12 (1999)[1];
Com. v. Baldwin 24 Mass.App.Ct. 200, 204-205, 509 N.E.2d 4,7 (Mass.App.Ct. 1987) ("Intrusion into the vagina itself is not required to make out the wrongful penetration. Touching by the male of the vulva or labia . . . is intrusion enough");
State v. Merriam, 264 Conn. 617, 630, 835 A.2d 895, 908 (2003)("the 'least penetration of the body' is sufficient to satisfy the penetration element of this state's sexual assault statutes. . . the penetration element of those statutes is satisfied by the penetration of the labia majora because penetration of the labia majora constitutes penetration of the body.");
State v. Albert, 252 Conn. 795, 813-15, 750 A.2d 1037, 1048-49 (2000)(approving instruction indicating that penetration of labia majora sufficient);
People v. Quintana, 89 Cal.App.4th 1362, 1365-68, 108 Cal.Rptr.2d 235, 237-40 (2001)(placing penis between labia majora and labia minora without penetration of the vagina constituted penetration of genital opening; "the 'penetration which is required is sexual penetration and not vaginal penetration.'");
What Constitutes Penetration n Prosecution for Rape, 76 A.L.R.3d 163 at §3 (Rule that entry into vulva or labia is sufficient);
Webster's Ninth New Collegiate Dictionary (1990);
Gray's Anatomy, 38th Edition at pg. 1875-1877 (1995).[2]

---

[1] Attached as Exhibit 1.

[2] Attached as Exhibit 2.

i