UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DEEPAK JAHAGIRDAR )<br>)<br>_____ ) | Cr. No. 04-10038-MLW |

**DEFENDANT DEEPAK JAHAGIRDAR'S SUPPLEMENTAL REQUESTS
FOR INSTRUCTIONS TO THE JURY**

Respectfully submitted,

By his attorneys,

| | |
|---|---|
| */s/ Kimberly Homan*<br>Kimberly Homan<br>Mass Bar No. 239000<br>20 Park Plaza, Suite 905<br>Boston, Massachusetts 02116<br>(617) 227-8616 | */s/ James W. Lawson*<br>James W. Lawson<br>Mass. Bar No.289300<br>OTERI, WEINBERG & LAWSON<br>20 Park Plaza, Suite 905<br>Boston, Massachusetts 02116<br>(617) 227-3700<br><br>Date: March 28, 2005 |

## REQUEST NO. 1

### Theory of Defense/Consent

Mr. Jahagirdar contends that the physical touching which took place between himself and [D.S.] occurred with [D.S.'s] full knowledge and voluntary consent. Consent is a complete defense to the offenses with which Mr. Jahagirdar is charged in Counts 1 and 2.. Accordingly, unless you are convinced beyond a reasonable doubt that [D.S.] did not voluntarily consent to the physical touching which took place, you must acquit Mr. Jahagirdar.

# REQUEST NO. 2

## **Penetration**

You cannot convict Mr Jahagirdar of the offense charged in Count 1 of the indictment unless you find beyond a reasonable doubt that Mr. Jahagirdar's finger penetrated the genital opening of [D.S.]. This requires that his finger have entered [D.S.'s] vaginal orifice, however slightly. It would not suffice to convict Mr. Jahagirdar of the offense charged in Count 1 that he touched the exterior portions of [D.S.'s] genitals, including her labia majora or labia minora or that his finger was inserted between her labia majora, unless his finger also penetrated [D.S.'s] vaginal orifice. If you find that Mr. Jahagirdar inserted his finger between [D.S.'s] labia majora but did not penetrate her vaginal orifice, then you must acquit Mr. Jahagirdar of the offense charged in Count 1.

---

*See* Defendant Deepak Jahagirdar's Memorandum Regarding Issues Raised At March 23, 2005, Hearing, Section II.

# INSTRUCTION NO. 3

## Attempt/Penetration

You may not convict Mr. Jahagirdar of attempting to commit the offense charged in Count 1 of the indictment unless you find beyond a reasonable doubt that he intended to penetrate [D.S.'s] genital opening with his finger. That is, unless you find that Mr. Jahagirdar intended to penetrate [D.S.'s] vaginal orifice with his finger, you must acquit him of the offense charged in Count 1.

---

*See United States v. Plenty Arrows*, 946 F.2d 62, 66 (8th Cir. 1991).

# INSTRUCTION NO. 4

## Character Evidence

Mr. Jahagirdar presented evidence to show that he enjoys a reputation in his community as a truthful and law-abiding person. Mr. Jahagirdar's reputation as a law-abiding person may indicate to you that it is improbable that a person of such character would commit the crimes charged, and, therefore, cause you to have a reasonable doubt about his guilt. Mr. Jahagirdar's reputation for truthfulness may be considered by you in deciding whether, or to what extent, his testimony should be credited by you. You should consider any evidence of Mr. Jahagirdar's good character and truthfulness along with all the other evidence in the case and give it such weight as you believe it deserves. If, when considered with all the other evidence presented during this trial, the evidence of Mr. Jahagirdar's good character and truthfulness creates a reasonable doubt in your mind as to his guilt, you should find him not guilty.

---

First Circuit Pattern Jury Instruction 2.17 (2002 revision).

**INSTRUCTION NO. 5**

**Credibility of Defendant**

Although he was not required to do so, Mr. Jahagirdar chose to take the stand and testify in this case. You should judge the testimony of Mr. Jahagirdar in the same manner as you judge the testimony of any other witness in this case.

_____

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* §15.12  (5th ed.).