UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10038-MLW |
| | ) | |
| DEEPAK JAHAGIRDAR | ) | |
| | ) | |

**Government's Memorandum on Character Witnesses**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this memorandum regarding the law of evidence relating to character witnesses. The defendant has submitted a witness list consisting of 13 witnesses. It appears that at least five of those witnesses have no personal knowledge of the crime and that their testimony will be exclusively related to the defendant's traits of character.

**1.       Defendants' Character Evidence Is Limited to Reputation and Opinion Testimony Regarding Pertinent Traits And May Not Include Any References to Specific Acts**

Rule 404(a) generally controls the admissibility of character evidence. In the first instance, "evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith." Rule 404(a). However, once it is determined that character evidence is admissible, the form and method of its proof are governed by Rule 405. See Fed. R. Evid. 405, Advisory Committee Notes, 1972 Proposed Rules (Rule 404 deals with admissibility, whereas Rule 405 deals with allowable methods of proof).

Rule 404(a)(1) allows an accused to introduce "[e]vidence of a pertinent trait of character." The word "pertinent" is read as synonymous with "relevant." United States v. Angelini, 678 F.2d 380, 381 (1st Cir. 1982); United States v. Staggs, 553 F.2d 1073, 1075 (7th Cir. 1977). The basic issue, therefore, is whether the trait in question would make any fact of

"consequence to the determination" of the case more or less probable than it would have been without evidence of that trait. Fed. R. Evid. 401; Angelini, 678 F.2d at 381. The government recognizes that the defendant is permitted to present evidence with regard to one specific trait: that he is a "law-abiding person." See Angelini, 678 F.2d at 381; Michelson v. United States, 335 U.S. 469, 477 (1948) . Testimony regarding his general good character is inadmissible, and should be excluded. See United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1989)(affirming the exclusion of commendations as not reflective of a pertinent trait of character and also hearsay); United States v. Santana-Camacho, 931 F.2d 966, 967-68 (1st Cir. 1991)(noting that "traits of character 'pertinent' to the crime charged must be relevant" and approving the exclusion of evidence that defendant was "kind or a good family man").

Under Rule 405, defendant's character witnesses must be restricted to testifying about their opinion of the relevant trait or their knowledge of defendant's reputation with respect to a specific trait. They may not testify about specific instances of conduct. See Fed. R. Evid. 405; Michelson v. United States, 355 U.S. at 477; State of Arizona v. Elmer, 21 F.3d 331, 335 (9th Cir. 1994).

Under the foregoing principles, the defendant in this case may not introduce evidence of his generally good character — e.g., that he is a "good father" a "good employee" or a "kind person." None of these constitute "traits of character" which are admissible under Rule 401(a), nor are they relevant to whether he sexually abused a young woman on an airplane. United States v. Nazzaro, 889 F.2d at 1168; United States v. Santana-Camacho, 931 F.2d at 967-68. Nor may any of his character witnesses testify as to any specific act which underlies the witness's opinion or the witness's knowledge of the defendant's reputation in the community. See Fed. R. Evid. 405; Michelson v. United States, 355 U.S. at 477.

None of the defendant's character witnesses should be able to refer to the defendant's educational background or the defendant's intelligence.  Intelligence is not a pertinent character trait.  See gen. United States. v. West,  670 F.2d 675, 682 (7th Cir. 1981)(concluding that intelligence not a trait for purposes of Rule 404(a)(1)); United States v. Cortez, 935 F.2d 135, 138 (8th Cir. 1991).  Even if intelligence was a pertinent trait, discussing the defendant's specific degrees would be akin to testifying to specific instances of conduct, and would be prohibited by Rule 405.

In addition, the defendant may not offer evidence (either through government witnesses nor its own witnesses) about specific commendations he may have received or other notable achievements.  See United States v. Boylan, 898 F.2d 230, 255 (1st Cir. 1990)(excluding evidence of police commendations under Rule 405); United States v. Nazzaro, 889 F.2d at 1168 (evidence of bravery, attention to duty and community spirit "hardly 'pertinent'" to mail fraud and perjury charges), citing United States v. Barry, 814 F.2d 1400, 1403 (9th Cir. 1987)("letters of commendation were hearsay").

Thus, Fed. R. Evid. 404 and 405 require that defendant's character evidence be exclusively limited to reputation or opinion testimony about a single pertinent trait: the alleged trait that the defendant is "law abiding." [1]  Moreover, as with any witness, a character witness

---

[1] Even if the defendant chooses to testify and is cross-examined by the government, such cross-examination does not necessarily open the door to the defendant offering evidence regarding his trait for truthfulness.  Angelini,  678 F.2d at 382.  Since the crime in this case does not involve any element of truthfulness, Fed.R.Evid. 608 is the operative rule rather than Rule 404(a).  Id.  "Under Rule 608, evidence of a truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. Vigorous cross examination and/or the fact that a witness is contradicted by other evidence in the case does not constitute such an attack." United States v. Thomas, 768 F.2d 611, 618 (5th Cir. 1985).  Only when the cross-examination is so "slashing" as to carry "strong accusations of misconduct and bad character" is a witness permitted to offer evidence of his truthful character.  See United States v. Dring, 930 F.2d 687, 692 (9th Cir. 1991)(quoting

may not testify regarding his opinion or the defendant's reputation without having a foundation for such testimony. In this case, prior to the witnesses testifying, the defendant should proffer such qualifications out of the hearing of the jury or the witness should be subject to a brief voir dire.

2.  **The Government May Cross-Examine Defendant's Character Witnesses About Specific Instances of Conduct and Introduce Its Own Rebuttal Witnesses**

Pursuant to Rule 405(a), the Government is permitted to cross-examine defendant's character witnesses to determine whether they have heard or know about specific instances of conduct indicating contrary tendencies. Additionally, under Rule 404(a)(1), the government may put on its own witnesses to rebut defendants' character evidence.

Michelson v. United States, 335 U.S. 469, the preeminent authority on issues regarding character testimony, includes the following discussion about the scope of cross-examination of character witnesses:

> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afloat — for it is not the man that he is, but the name that he had which is put in issue. Another hazard is that his own witness is subject to cross-examination as to the contents and extent of the hearsay on which he bases his conclusions, and he may be required to disclose rumors and reports that are current even if they do not affect his own conclusion. It may test the sufficiency of his knowledge by asking what stories were circulating concerning events, such as one's arrest, about which people normally comment and speculate. Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans.

Id. at 479.

---

McCormick § 49 at 117).

Fed. R. Evid. 405(a) codified the rationale of Michelson, making clear that character witnesses may be cross-examined about specific instances of misconduct that are relevant to the character traits in question. The cross-examination of a character witness may even include inquiries which are not otherwise allowed. For example, it is generally impermissible to introduce extrinsic evidence or cross-examine a defendant about whether he has been arrested for or committed past misdeeds unrelated to the charged offense. Nonetheless, if a character witness testifies for a defendant, the cross-examination may include inquiry about the defendant's past crimes, wrongful acts, and arrests. Michelson, 335 U.S. at 482; United States v. Collins, 779 F.2d 1520, 1532 (11th Cir. 1986); United States v. Glass, 709 F.2d 669, 673 (11th Cir. 1983); United States v. Bynum, 566 F.2d 914, 919 (5th Cir. 1980).

### 3. Defendant Should Be Limited to a Reasonable Number of Character Witnesses

The trial court may, in its discretion, limit the number of character witnesses the defendant may call. See, e.g., United States v. Henry, 560 F.2d 963, 965 (9th Cir. 1977) (defendant's character testimony limited to two witnesses); United States v. Benefield, 889 F.2d 1061, 1065-1066 (11th Cir. 1989) (defendant limited to half the number of requested character witnesses); United States v. Johnson, 730 F.2d 683, 688 (11th Cir.) (defendant limited to three character witnesses); United States v. Koessel, 706 F.2d 271, 275 (8th Cir. 1983) (defendant's character testimony limited to three witnesses). Rule 403, which authorizes exclusion of "needless[ly] cumulative evidence", also permits the Court to restrict the number of defense character witnesses. See Fed. R. Evid. 403.

Given that the brevity of this trial and the total number of witnesses to be called by both parties, five or more character witnesses would be cumulative, time-consuming, and distracting. The Court should limit the number of these witnesses to two.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Date: March 30, 2005                    By: /s/John T. McNeil
                                        JOHN T. MCNEIL
                                        Assistant U.S. Attorney