```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
     v.                       )    Cr. No. 04-10038-MLW
                              )
DEEPAK JAHAGIRDAR,            )
          Defendant.          )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 17, 2005


The court has considered defendant Deepak Jahagirdar's Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 and for a New Trial Pursuant to Fed. R. Crim. P. 33 (the "Motion"), and the government's Opposition to it. As described below, the Motion raises an issue on which oral argument would be helpful. A hearing to address that issue will be held on June 24, 2005, at 11:00 a.m. After the Motion is decided, Jahagirdar's sentencing will be rescheduled for a later date.

The Motion is premised on the contention that the court erroneously instructed the jury on the meaning of penetration of the "genital opening" for the purposes of 18 U.S.C. §§2242 and 2246(2)(C) when it stated that:

> if it is proven beyond a reasonable doubt that Mr. Jahagirdar intentionally placed his finger or hand beyond Ms. [S'] labia majora, to at least the labia minora (or inner lips), it will be proven that he penetrated her genital opening at least slightly. The government is not required to prove that he penetrated her vaginal orifice.

1

Defendant asserts that the law requires at least slight penetration of the vaginal orifice.

The court carefully considered this contention previously. For the reasons described at trial on April 4, 2005, the court continues to believe that its instruction was correct. See Apr. 4, 2005 Tr. at 2-4; see also United States v. Norman T., 129 F.3d 1099, 1104 (10th Cir. 1997). However, the Motion presents another issue that the court has not previously decided - the question of whether the statute provides the fair warning required to satisfy the requirements of Due Process.

More specifically, defendant asserts that:

> A person of ordinary intelligence would not understand that touching a woman's external genitalia, even within the labia, constitutes "penetration" of the "genital opening." He would, to be sure, understand that doing so in the circumstances described in either §2241 or §2242 was conduct the law was likely to punish criminally <u>but such a person would not understand that doing so constituted a "sexual act" as defined by §2246(2)(C) which would subject him to the severe penalties prescribed by §2241 and §2242.</u>

Defendants Mem. at 6-7 (emphasis in original). The question, therefore, is whether Due Process requires only fair notice that particular conduct is criminal or whether it also requires fair notice that such conduct constitutes an aggravated form of criminal conduct which involves enhanced penalties.

There is language relating to this issue in at least one Supreme Court case which it would be helpful for the parties to address further. In United States v. Lanier, 520 U.S. 259, 266

2

(1997), the Supreme Court wrote that:

> [T]he vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.
>
> * * *
>
> The touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time, that the defendant's conduct was criminal.

Arguably, "men of common intelligence must guess at" the meaning of the term "genital opening." It is not a medical term and the court struggled throughout the case to develop a proper instruction on its meaning. As defendant acknowledges, however, the statute made it clear that his conduct was a crime of some sort even if it was not clear that penetration short of the vagina would nevertheless be an aggravated form of the offense and, therefore, foreseeably be punished more severely.

This issue has serious potential consequences. Evidently, if the conviction on Count 1 is vacated, the Guideline range for defendant's sentence will be reduced from at least 70-87 months to as little as 10-16 months. Therefore, the court wishes to hear argument on this issue.

Accordingly, it is hereby ORDERED that:

1. The parties shall, by June 21, 2005, supplement their submissions to address this issue further, including the implications of United States v. Anzalone, 766 F.2d 676 (1st Cir.

1985).

    2.   A hearing on the Motion will be held on June 24, 2005, at 11:00 a.m.

    3.   After the Motion is decided, Jahagirdar's sentencing will be rescheduled for a later date.

                                         /s/ MARK L. WOLF
                                      UNITED STATES DISTRICT JUDGE