UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Cr. No. 04-10038-MLW |
| DEEPAK JAHAGIRDAR | ) | |

**DEFENDANT DEEPAK JAHAGIRDAR'S RESPONSE TO MEMORANDUM AND ORDER OF JUNE 17, 2005**

The Court has asked the parties to address the question whether "Due Process requires only fair notice that particular conduct is criminal or whether it also requires fair notice that such conduct constitutes an aggravated form of criminal conduct which implicates enhanced penalties." Defendant's primary argument was that 18 U.S.C. §§2242, 2246(2)(C) fail to provide fair notice that the touching with a finger of a woman's external genitalia, even within the labia, constitutes "penetration of the "genital opening." Defendant Deepak Jahagirdar's Memorandum of Law in Support of His Motions for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 and for a New Trial Pursuant to Fed. R. Crim. P. 33 at 6-7. Thus, his argument was not solely directed at the penalty provisions of §2242, but instead at the whether the language of §2242, read in conjunction with §2246(2)(C), provided the fair notice required by the Due Process Clause that his conduct fell within its proscriptions. The question presented in defendant's motion is not simply whether the application of an enhanced penalty provision is consistent with due process.[1]

---

[1] Defendant did not "acknowledge[] [that] the statute made it clear that his conduct was a crime of some sort,"Memorandum and Order at 3, if by "the statute" the Court is referring to §2242. What he said was that "[a] person of ordinary intelligence . . . would . . . understand that ['touching a woman's external genitalia, even within the labia'] in the circumstances described in either §2241 or §2242 was conduct which the law was likely to punish criminally . . . ." Perhaps the sentence to which the Court has reference was inartfully worded, but what defendant was arguing was that a

The case law in this area is uniformly statute-specific. It is not enough that a defendant be generally aware that his conduct is wrongful and may be prohibited by *some* criminal statute. Rather, the statute under which the defendant is prosecuted must provide constitutionally adequate notice that his conduct is criminal under *that statute*.[2] "The Due Process Clause demands that criminal statutes describe *each particular offense* with sufficient definiteness 'to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" *United States v. Hussein*, 351 F.3d 9, 13 (1st Cir. 2003), *quoting United States v. Harriss*, 347 U.S. 612, 617 (1954)(emphasis added). *See, e.g., Kolender v. Lawson*, 461 U.S. 352, 357 (1983)("[A] *penal statute* [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited . . . ."(emphasis added)); *Connally v. General Const. Co.*, 269 U.S. 385, 391

---

person of ordinary intelligence would likely understand that such conduct committed *under the §2242 circumstances*, *i.e.*, when the other person is incapable of appraising the nature of the conduct, physically incapable of declining to participate or communicating unwillingness, was likely to be conduct which the law prohibited (and it is in fact prohibited under §2244) – not that he would understand that the conduct likely violated *§2242*. It is defendant's position that §2242, read in conjunction with the definition of "sexual act" – an essential element of the §2242 offense – set forth in §2246(2)(C), does not provide constitutionally adequate notice that touching a woman's external genitalia could fall within the prohibition against "penetration" of the "genital opening" and hence subject him to prosecution and conviction under §2242.

[2]     It does not matter that, as the government argues, penetration of the labia could constitute digital rape under Massachusetts law or under Arizona law. *See* Government's Opposition to Defendants' Motion for Acquittal and Motion for New Trial ("Gvt. Opposition") at 11. What matters is the notice provided by the language of §§2242, 2246(2)(C), the federal statute under which Jahagirdar was prosecuted, of the conduct which *it* proscribed. Nor does it matter for due process purposes how "genital opening" has been defined under state statutory or common law. *See* Gvt. Opposition at 12. The constitutionally requisite notice must be provided by the language of the statute itself. "It is not enough for the congressional intent to be apparent elsewhere if it is not apparent by examining the language of the statute." *United States v. Colon-Ortiz*, 866 F.2d 6, 8-9 (1st Cir. 1989). *See also Sabetti v. DiPaolo*, 16 F.3d 16, 17 (1st Cir. 1994).

(1926)("the *terms of a penal statute* creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties"(emphasis added)); *United States v. Bohai Trading Co., Inc.*, 45 F.3d 577, 581 (1st Cir. 1995)(issue is "whether *the statute, as enacted by Congress*, gave sufficient notice that the conduct charged was proscribed"(emphasis added)); the "requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by *the statute*" (emphasis added)); *United States v. Arcadipane*, 41 F.3d 1, 5 (1st Cir. 1994)("the Due Process Clause forbids the government from depriving an individual of his liberty unless he is given fair warning of the consequences of that conduct"); *Goguen v. Smith*, 471 F.2d 88, 94 (1st Cir. 1972)("conviction under a *criminal enactment* which does not give adequate notice that the conduct charged is prohibited is violative of due process"(emphasis added)), *aff'd*, 415 U.S. 566 (1974).[3]

Similar language is found as well in *United States v. Lanier*, 520 U.S. 259, 267 (1997), to which the Court directed the parties' attention: "the touchstone is whether *the statute*, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal" (emphasis added). The conduct at issue in *Lanier* – sexual assaults and oral rapes, *id.* at 261 – was clearly criminal conduct, and the question was, therefore, not whether the defendant had fair notice that his conduct was criminal, but whether he had fair notice that his conduct violated the victims' constitutional rights, making him liable to prosecution under 18 U.S.C. §242. The First Circuit also noted in *Sabetti* that it had found "some cases indicating a 'fair notice' violation in a

---

[3] The fair notice requirement applies to penalty provisions as well. *See Colon-Ortiz*, 866 F.2d at 9.

statute that criminalizes (or sets penalties for) obviously *non*-innocent conduct . . . ." 16 F.3d at 18 (emphasis in original). Notably, in ruling on the defendant's fair notice claim in *Sabetti*, the Court looked to whether the statute under which the defendant was convicted gave fair notice that his conduct was encompassed within it; it did not suggest that a fair notice claim was foreclosed where the defendant clearly knew that he was in the possession of drugs and therefore that his conduct was likely criminal under *some* statute.[4] *See also Hussein*, 351 F.3d at 14-16. *Cf. United States v. Borowski*, 977 F.2d 27, 32 (1st Cir. 1992)("The defendants' conduct here was utterly reprehensible and may have violated any number of other criminal laws; but it did not violate the knowing endangerment provision of the Clean Water Act").

The Court noted in its Memorandum and Order that it had "struggled throughout the case to develop a proper instruction on [the] meaning" of "genital opening." As this Court is of far more than ordinary intelligence, its difficulties in the matter speak volumes as to the difficulty a person of ordinary intelligence would face in attempting to glean the meaning of "penetration" of the "genital opening" from the language of the statute. *See Colon-Ortiz*, 866 F.2d at 9 n.2 ("As the defendant rightly asks: 'If a learned federal judge has trouble understanding the statute, where then do the 'ordinary people' . . . stand").

The Court has also asked the parties to address the implications of *United States v. Anzalone,* 766 F.2d 676 (1st Cir. 1985). The primary significance of *Anzalone* lies in the First Circuit's refusal to construe the statute and regulations at issue in the manner suggested by the government to bring the defendant's conduct within their ambit. The Court began with the

---

[4] Conviction under the statute challenged by the defendant in *Sabetti* subjected him to the enhanced penalties applicable to trafficking in Massachusetts.

propositions that "criminal laws are to be strictly construed," and that "legislatures and not courts should define criminal activity." *Id.* at 680-81. The "loophole" which left defendant's conduct outside the applicable regulations was, the Court reasoned, the fault of the government, and the government's responsibility to fix. The government, it said, "should not attempt to impose such a duty by implication, expecting that the courts will stretch statutory construction past the breaking point to accommodate the government's interpretation." *Id.* at 682. Applying a new judicial construction of "genital opening" to Jahagirdar presents somewhat analogous problems, as it was Congress' choice of terminology in §2246(2)(A)-(D) which created the uncertainty that a person of ordinary intelligence would face in determining what constituted a "sexual act" for purposes of §§2242, 2246(2)(C), and Congress has the power to speak with greater precision if it wishes persons whose fingers stray beyond the labia but do not penetrate the vaginal opening to be punished under §2242, as opposed to only under §2244.

Although not directly addressed in *Anzalone*, retroactive application of judicial constructions of the scope of penal statutes also have due process implications, roughly analogous to the prohibitions of the Ex Post Facto Clause. "[A]lthough clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, . . . due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *Lanier*, 520 U.S. at 266. *See, e.g., Bouie v. City of Columbia*, 378 U.S. 347, 362-63 (1964); *Hussein*, 351 F.3d 14-15. *See also Colon-Ortiz*, 866 F.2d at 9 ("Whether congressional intent may be ascertained by looking at accompanying statutory provisions and legislative history . . . is in no way dispositive of the question whether the statute

satisfies due process requirements").[5] *United States v. Norman T.*, 129 F.3d 1099 (10th Cir. 1997), does not provide adequate notice that simply touching the interior of the labia, without more, constitutes "penetration" of the "genital opening." It is clear from the facts in *Norman T.* that the defendant's finger penetrated the labia minora and caused injury to them. The victim testified that the defendant's fingers were inside her body; he "penetrated her genitalia so forcefully that the area remained painful for at least a day." *Id.* at 1104. What the Court said was that "penetration deep enough to cause injury to the to labia minora is sufficient to violate §2246(2)(C)." *Id. Norman T.* does not "fairly disclose" that lesser intrusions – ones committed, for example, without violence or injury – fall within the scope of §2246(2)(C), nor is it at all clear that the defendant's finger did not penetrate the vaginal opening, even if it fell short of penetration fully into the vagina. This Court's construction of §2246(2)(C) cannot, consistently with the requirements of the Due Process Clause, be retroactively applied to Jahagirdar.

                                            Respectfully submitted,
                                            By his attorneys,

| */s/ Kimberly Homan* | */s/ James W. Lawson* |
|---|---|
| Mass. Bar No. 239000 | Mass. Bar. No.289300 |
| 20 Park Plaza, Suite 905 | OTERI, WEINBERG & LAWSON |
| Boston, Massachusetts 02116 | 20 Park Plaza, Suite 905 |
| (617) 227-8616 | Boston, Massachusetts 02116 |
| | (617) 227-3700 |

DATED: June 21, 2005

---

[5] In judicially rewriting the penalty provision at issue in *Colon-Ortiz*, the Court noted that its new construction had not prejudiced the defendant's sentencing. *See* 866 F.2d at 10-11.