```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
     v.                     )    Cr. No. 04-10038-MLW
                            )
DEEPAK JAHAGIRDAR,          )
          Defendant.        )
```

ORDER

June 23, 2005

The court has reviewed: the responses to the June 17, 2005 Order; the defendant Deepak Jahagirdar's Motion to Continue the June 24, 2005 hearing and the government's response to it; the Presentence Report; and the parties' sentencing memoranda. The parties have presented a number of complex issues which require serious consideration, and the court perceives another question that neither they nor the Probation Department have yet addressed.[1]

---

[1] The court is concerned that the defendant may, explicitly or implicitly, argue that the crime of which he was convicted on Count 1 is not in the "heartland" of cases involving violations of 18 U.S.C. §2242(2) because the "sexual act" involved the penetration by a hand or finger rather than penetration by a penis. The court recognizes that a lesser degree of penetration is required when a penis, rather than a hand or finger, is involved. Compare 18 U.S.C. §2246(2)(A) (requiring penetration only of the vulva by a penis) and 18 U.S.C. §2246(2)(C) (requiring penetration of the genital opening by a hand or finger). Nevertheless, the court is interested in being informed of whether there are reported cases, unreported cases, or other sources of information that indicate that Congress and/or the Sentencing Commission considered and/or found that penetration by a hand or finger should under the Guidelines be punished as the equivalent of penetration by a penis.

1

As the court must, among other things, carefully consider the responses to the June 17, 2005 Order, it is unlikely that the issue it addresses could be decided on a properly informed basis on June 24, 2005 if the scheduled hearing were held. Therefore, the court is, as requested, postponing the hearing until August 3, 2005. The court's goal will be to decide the defendant's Rule 29 motion at the hearing and then to proceed to his sentencing. Therefore, postponing the hearing should not delay the disposition of this case before this court.[2]

The court understands, and regrets, that the postponement perpetuates a period of uncertainty and anxiety for both the victim, D.S., and Jahagirdar. However, it is important to everyone involved, and to the administration of justice, that the many issues presented be decided deliberately, in part to minimize the risk of an error that might prompt a reversal and retrial.

Accordingly, it is hereby ORDERED that:

1. Defendant's Motion to Continue Hearing Scheduled for June 24, 2005 is ALLOWED.

2. Any replies to the responses to the June 17, 2005 Order shall be filed by July 8, 2005.

3. The parties shall, by July 15, 2005, file and serve upon the Probation Officer memoranda addressing whether Congress and/or

---

[2] The postponement will also more fully accommodate Assistant United States Attorney John McNeil's earlier motion to reschedule the June 24, 2005 hearing because of his family obligations.

2

the Sentencing Commission considered and/or found that penetration by a hand or finger should under the Guidelines be punished as the equivalent of penetration by a penis.

4. The Probation Department shall, by July 22, 2005, submit a Second Addendum to the Presentence Report which: (a) provides an alternative calculation of the Guideline range if, after the court decides defendant's Rule 29 motion, he is deemed to have been convicted only of Count 2; (b) addresses reported and unreported cases involving violations of §2242(2) and any other information concerning whether Congress and/or the Sentencing Commission considered and/or found that penetration by a hand or finger should under the Guidelines be punished as the equivalent of penetration by a penis.

5. If the parties wish to respond to the Second Addendum, they shall do so by July 29, 2005.

6. A hearing on defendant's Rule 29 motion, to be followed if possible by the sentencing hearing, shall commence on August 3, 2005, at 2:00 p.m. and continue on August 4, 2005, if necessary.

7. The government shall provide a copy of this Order to the victim, D.S.

                                              /s/ Mark L. Wolf
                                            UNITED STATES DISTRICT JUDGE