UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v. ) | Cr. No. 04-10038-MLW |
| ) | |
| DEEPAK JAHAGIRDAR ) | |

**DEFENDANT DEEPAK JAHAGIRDAR'S REPLY TO GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL**

This memorandum is submitted to the Court to reply briefly to the memorandum filed by the government in response to this Court's Memorandum and Order of June 17, 2005. As a preliminary matter, the question of the proper interpretation of "penetration" of the "genital opening" was not "largely an afterthought" by the defendant. *See* Gvt. Opposition at 6-7. The issue was not addressed until the beginning of trial because it was only just before trial that the government informed the defendant that it intended to request an instruction defining "penetration" of the "genital opening" as requiring only penetration of the labia majora. Until the government sought, in its *supplemental* requests for instructions to the jury, to have the Court define "genital opening" in that fashion, and until D.S. testified as she did, the issue was not squarely presented. That "penetration" of the "genital opening" might include the placing of a finger inside the labia majora is hardly "implicit" in the term. *See* Gvt. Opposition at 6-7.

The government's argument's argument continues to conflate two separate inquiries. The first question to be asked in determining whether a penal statute provides constitutionally adequate notice of the conduct which it criminalizes is whether the statute *as written* provides notice sufficient to inform "ordinary people . . . [of] what conduct is prohibited." *Kolender v. Lawson*, 461 U.S. 352,

357 (1983). Here, the question is whether one reading the language of §2242, in conjunction with §2246(2)(C), would understand that he was committing the crime defined by those statutes simply by placing a finger slightly inside a woman's labia majora and going no further, *i.e.*, whether he would understand that he had "penetrated" the woman's "genital opening."[1] For all the reasons which have been addressed in prior memoranda, he would not. The question then becomes whether the statute, as construed by the Court, may, consistently with the fair notice guarantee of the Due Process Clause, be applied to the defendant. Under the circumstances of the present case, it cannot.

The government's primary argument is that, under *Lanier*, fair notice was provided by the Tenth Circuit's decision in *United States v. Norman T.*, 129 F.3d 1099 (10th Cir. 1997). While *Lanier* does appear to contemplate that courts, in determining whether the statute, *as construed*, provided fair notice, will consider circuit court decisions from all circuits, not just those in the circuit in which the case arose, *see Savard v. Rhode Island*, 338 F.3d 23, 28 (1st Cir. 2003)(*en banc*), *Norman T.* does not provide that notice because of its very different factual circumstances, involving as it did physical injury to the labia minora of a child. Moreover, contrary to the government's argument, *Norman T.* did not announce a rule of general applicability to all touchings of the female

---

[1] For these purposes, it is irrelevant that, assuming the presence of all the other elements of the offense, the same individual would likely have understood that he was committing the crime of abusive sexual contact under §2244. *See* Defendant Deepak Jahagirdar's Response to Memorandum and Order of June 17, 2005 ("June 17 Memo") at 2-4. Indeed, one reading the various subsections of §§2246(2), (3), and comparing the different terminology used in each – penetration of the vulva (§2246(2)(A)), contact between the mouth and the vulva (§2246(2)(B)), penetration of the genital opening (§2246(2)(C)), intentional touching of the genitalia (§2246(3)) – would likely conclude that simply placing a finger slightly inside the labia majora was *not* a "sexual act" within the meaning of §§2242, 2246(2)(C). *See* Defendant Deepak Jahagirdar's Memorandum Regarding Issues Raised At March 23, 2005, Hearing ("March 23 Hearing Memo") at 3-5; Defendant Deepak Jahagirdar's Memorandum of Law in Support of His Motion For Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 and for a New Trial Pursuant to Fed. R. Crim. P. 33 at 2-6.

genitalia with the finger. *See* March 23 Hearing Memo at 6-8; June 17 Memo at 5-6.[2] *Lanier* itself cautioned that, to provide constitutionally adequate notice, the prior decision(s) must have "[given] reasonable warning that the conduct . . . at issue violated" the penal statute under which the government has chosen to prosecute the defendant, *Lanier*, 520 U.S. at 269; *see United States v. Rosa-Ortiz*, 348 F.3d 33, 42 (1st Cir. 2003), and that under some circumstances, a higher degree of factual similarity between the circumstances in the reported decision(s) and those in the case before the court may be required. *Lanier*, 520 U.S. at 271. *See Savard*, 383 F.3d at 30-32.[3] For all the reasons previously discussed, the Tenth Circuit's *Norman T.* decision did not provide constitutionally adequate notice.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | By his attorneys, |
| */s/ Kimberly Homan* | */s/ James W. Lawson* |
| Kimberly Homan | James W. Lawson |
| Mass. Bar No. 239000 | Mass. Bar. No.289300 |
| 20 Park Plaza, Suite 905 | OTERI, WEINBERG & LAWSON |
| Boston, Massachusetts 02116 | 20 Park Plaza, Suite 905 |
| (617) 227-8616 | Boston, Massachusetts 02116 |
|  | (617) 227-3700 |

---

[2] There is nothing in *Lanier* which suggests that unpublished opinions, especially those from other circuits, may be considered in determining whether prior constructions of the statute exist which would satisfy the mandate of fair notice under *Lanier*. *See* Gvt. Opp. at 6 n.2. Unpublished opinions in the Tenth Circuit are not binding precedent except under circumstances not here present. *See* Tenth Circuit Local Rule 36.3(A). In any event, the circumstances in *United States v. Trujillo*, 1994 WL 139018 (10th Cir. April 12, 1994), also, like *Norman T.*, involved injury to the area in and around a minor's vagina, injuries which were "consistent with trauma to the vaginal area." *Id.* at *2.

[3] *Lanier* also warned that where there were "disparate decisions" in different circuits which left the law uncertain, "such a circumstance may be taken into account in deciding whether the warning [was] fair enough . . . ." 520 U.S. at 269. The same can be said when, as here, there is only one reported decision addressing the issue under very different circumstances.