UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 04-10038-MLW |
| ) | |
| DEEPAK JAHAGIRDAR ) | |

**DEFENDANT DEEPAK JAHAGIRDAR'S RESPONSE
TO COURT ORDER OF JUNE 23, 2005**

In its order of June 23, 2005, the Court stated that it was "interested in being informed of whether there are reported cases, unreported cases, or other sources of information that indicate that Congress and/or the Sentencing Commission considered and/or found that penetration by a hand or finger should under the Guidelines be punished as the equivalent of penetration by a penis." Defendant's research has found no reported or unreported cases which address this issue. In doing that research, however, defendant did locate two cases which bear upon the §2A3.1 "heartland" issue.

In *United States v. Crowley*, 318 F.3d 401 (2d Cir.), *cert. denied*, 540 U.S. 894 (2003), the defendant, during a struggle aimed at convincing a fellow student to engage in sexual activity with him and another, "moved one of his hands inside the waistband of [the victim's] shorts, pushed her up against the wall by the side of her bed while continuing to press her down with his body, gripped her genitals, and attempted to penetrate her vagina with his finger," and then continued to try to pull down the victim's shorts. *Id.* at 405. He was convicted of aggravated sexual abuse under §2241(a)(1). On appeal, the defendant argued that the district court had erred in not recognizing its authority to depart downwards on the ground that his offense conduct fell outside the heartland of §2A3.1. The Second Circuit, while concluding that the district court was aware of its power to grant

an outside-the-heartland downward departure but had exercised its discretion not to do so, left no doubt that such a departure would have been within the district court's discretion had it chosen to exercise it.

> [N]othing . . . precludes a sentencing court from determining, in an appropriate case, that the totality of the circumstances of a particular crime take it outside the normal range of cases for which a particular guideline was designed. *Here, Crowley made a strong argument that the nature of the offense, which was an unconsummated attempt at digital penetration, and his arguable voluntary abandonment of the assault, place his crime among the least serious of the wide range of assaults covered by the applicable guideline, and therefore take his offense outside its heartland.* But as the Supreme Court recognized in *Koon*, the decision whether the case falls outside the heartland is a particularly fact-sensitive one, which ultimately lies with the sentencing court, which is more familiar with the record than an appellate court and has the capacity for additional fact-finding if necessary.
>
> Moreover, even if the sentencing court found that the case might qualify for a heartland departure, the decision to depart is still a discretionary one, on which the sentencing court is permitted to bring to bear all of the facts and considerations that bear on the appropriateness of the particular sentence. A sentencing court is in the best position to judge the appropriateness of a sentencing departure in light of the defendant's overall history and character, his remorse or lack of it, and other factors bearing on the sentence to be imposed. *Reasonable people can differ as to whether the conduct in this case merits a sentence of the length mandated by the guidelines.*
> . . .

*Id.* at 421 (emphasis added).[1] If an incident lasting an hour and twenty minutes, *id.* at 406, and involving periods of physical struggle as the defendant attempted to force a sexual encounter with

---

[1] In referring to "digital penetration," the Court appears to have meant the insertion of the finger into the vagina. The victim testified that the defendant "put his hand on her vagina with a "groping, gripping type of action," *id.* at 408, and that he "placed his hand on her vagina and tried to insert his finger." *Id.* at 409. The Court concluded that there was sufficient evidence that the defendant had taken a substantial step toward the completion of the crime, stating that "[i]t is difficult to understand what further act Crowley could have performed toward the goal of forced penetration, short of actual completion of the crime." *Id.* at 408. *See also id.* at 409 (referring to defendant's effort to accomplish his goal of forced penetration); *id.* at 409 n.1 (referring to defendant's use of physical force "to come very close to completing a sexual act as defined in the statute"). It thus appears that the government proceeded in *Crowley* on the theory that entry of the finger into the vagina was necessary for the completed sexual act defined in §2246(2)(C).

the victim could be found to be "among the least serious of the wide range of sexual assaults covered by" §2A3.1, and hence outside the heartland, then surely the offense conduct to which D.S. testified falls well outside the §2A3.1 heartland.

The victim in *United States v. Allery*, 139 F.3d 609 (8th Cir. 1998), awoke to find the defendant on top of her engaging in sexual intercourse with her; when the victim realized that the man having sex with her was not her boyfriend but rather the defendant, she got away from him, but the defendant grabbed her and threw her back on the bed. The victim pulled the defendant's hair and pushed him away, whereupon the defendant fled. *Id.* at 610. In this first appeal, the Eighth Circuit concluded that the district court had erred in granting a judgment of acquittal because there was sufficient evidence of use of force to warrant a conviction under §2244. The defendant was again convicted of violating §2244. By virtue of a cross-reference in §2A3.4, the guideline generally applicable to §2244 offenses, the applicable guideline was §2A3.1. The district court departed downwards from the applicable guidelines sentencing range of 70-87 months to a term of 30 months, and the government appealed. *United States v. Allery*, 175 F.3d 610, 612 (8th Cir. 1999). The Eighth Circuit held that the district court had not abused its discretion in concluding that the defendant's offense conduct fell outside the heartland:

> It is apparent to us that the highly unusual factual circumstances of this case were such that it was not an abuse of discretion to hold that the case lay outside the heartland of those cases for which the guideline applicable here was intended. Although the amount of force that was used to commit the relevant crime was, as we held, sufficient to sustain a conviction under the statute, it was, we think, virtually the least amount of force that could do so. *That being so, the case almost necessarily falls outside the heartland of cases that the applicable guideline covers.* We cannot say, at least, that it would be an abuse of discretion to say that it did.

*Id.* at 613 (emphasis added).[2] Once again, if such a case, involving full sexual intercourse with a sleeping woman, falls outside the heartland of §2A3.1, then surely the placing of a finger inside a woman's labia majora, as D.S. testified, without more, most decidedly does.

Defendant's research has also yielded no information indicating that Congress ever considered the issue of whether penetration by a finger should be punished as the equivalent of penetration by a penis. Since the inception of the guidelines in 1987, §2A3.1 has had the same essential structure, with the base offense level representing sexual abuse as set forth in 18 U.S.C. §2242 and with specific offense characteristics which increase the offense level based upon various factors relating to the victim and to the manner in which the offense was committed, none of which are applicable in this case. The defendant has found no indication in the legislative history that Congress thought about the differences in severity and intrusiveness among the various ways in which a "sexual act" under §2246(2) may be committed.

On or about July 7, 2005, counsel spoke with Allan Dorhoffer, an attorney on the staff of the United States Sentencing Commission, and informed him of the Court's inquiry. He indicated that he would need to research the issue and that he would provide a response to the inquiry during the following week. Counsel and Mr. Dorhoffer have thus far been unsuccessful in their efforts to contact each other. Counsel will supplement this response when the requested information is obtained from Mr. Dorhoffer.

                                            Respectfully submitted,
                                            By his attorneys,

---

[2] The case was, however, remanded for resentencing, as the Court concluded that the district court had also identified other considerations which led it to depart, none of which the appellate court found to be appropriate bases for departure. *Id.* at 614-15.

<table>
<tr><td>

*/s/ Kimberly Homan*
Kimberly Homan
Mass Bar No. 239000
20 Park Plaza, Suite 905
Boston, Massachusetts 02116
(617) 227-8616

</td><td>

*/s/ James W. Lawson*
James W. Lawson
Mass. Bar No.289300
OTERI, WEINBERG & LAWSON
20 Park Plaza, Suite 905
Boston, Massachusetts 02116
(617) 227-3700

Date: 7-15-05

</td></tr>
</table>