UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 04-10038-MLW |
| ) | |
| DEEPAK JAHAGIRDAR ) | |
| ) | |

**Government's Supplemental Sentencing Memorandum**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully files this supplemental sentencing memorandum. This memorandum addresses the Court's *sua sponte* request for briefing on the issue of whether digital sexual abuse is within the "heartland" of cases involving violations of 18 U.S.C. §2242(2)(a).

In summary, digital sexual abuse, more commonly referred to as "digital rape" under state law, falls squarely within the heartland of Section 2242(2)(a) because the essence of the crime of sexual abuse, and the fundamental nature of the harm, is the penetration of the victim's anal or genital opening. Whether that penetration is caused by a penis, a hand, a tongue, or some object wielded by the perpetrator is of far less significance than the penetration itself. The language of the statute, its legislative history, the applicable sentencing guideline, and the cases applying that guideline, reveal that digital sexual abuse is as much at the core of Section 2242 as penial sexual abuse. Moreover, while there is little federal law which discusses the distinction suggested by the Court in its Order, there is a substantial body of state law which rejects this distinction and underscores the fact that the physical and psychological harms caused by digital rape are similar to those caused by penile rape. For instance:

> We note that the type of penetration is unimportant under the sexual-assault statute. The fact that only digital penetration occurred does not lessen [the

1

> victim's] fear and humiliation. Under the sexual-assault statute, every male and
> female has an interest in bodily integrity. That integrity is violated regardless of
> the type or length of time of the penetration.

State v. Jacques, 536 A.2d 535, 538 (R.I., 1988).

**I.**

There is nothing in the statutory language of 18 U.S.C. §2242(2)(a) which suggests that digital sexual abuse is not within the heartland of the statute, or should be sentenced less severely than penile sexual abuse.  While the statute requires that penetration with a hand or an object be "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" to establish the crime of sexual abuse under Section 2242, once that intent element is proven – as it was in this case – the statute makes no distinction between penile and digital sexual abuse.  There is nothing which indicates that the Court should read into the statute that which is not present in the statutory language.

Moreover, while the statute makes no relevant distinction between penile and digital sexual abuse, a review of the language employed throughout Chapter 109A reveals that Congress enumerated a number of other factors which require greater or lesser sentences.  For instance, where sexual abuse (whether it be digital or penile) is accompanied by force or threat, the maximum penalty is increased to life in prison.  See 18 U.S.C. § 2241(a).  Likewise, if the sexual abuse (whether digital or penile) is committed after rendering another person unconscious or after administering a narcotic or alcohol, the maximum penalty is increased to life in prison.  See 18 U.S.C. §2241(b).  Chapter 109A also provides for enhanced penalties when the victim of the sexual abuse (whether digital or penile) is a child.  See 18 U.S.C. §§2241(c), 2243(b), and 2244(c).  Chapter 109A also provides enhanced penalties for repeat offenders.  See 18 U.S.C.

§§2241(c) and 2247.  The fact that Congress enumerated these distinguishing factors among the various forms of sexual abuse, while making no distinction between penile, digital, or object penetration, strongly supports the conclusion that digital sexual abuse is within the heartland of the statute.

The limited legislative history of Section 2242 also supports the conclusion that digital penetration, like object penetration, is within the heartland of the statute.  The legislative history reveals that Congress's purpose in redrafting the federal sexual abuse provisions was to "cover widest possible variety of sexual abuse."  See H.R. No. 99-594, 99th Cong., 2d Sess. (1986), reprinted in 1986 U.S.C.C.A.N. 6186, 6191; United States v. Sagg, 125 F.3d 1294, 1295 (9th Cir. 1997).  Moreover, the statute and the legislative history recognized that sexual abuse came in more forms that traditional genital on genital rape, and sought to ensure that a much larger array of sexually abusive conduct was criminalized.  Id.  Thus, the notion that digital rape is somehow outside the heartland of the sexual abuse statute is contrary to Congress's purpose in recodifying the federal sexual abuse laws in 1986.

Notably, in 1994, Congress sought information from the United States Sentencing Commission regarding the penalties under the federal rape laws and guidelines, and required the Sentencing Commission to undertake a study and make changes to the federal guidelines.  See Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, §40112, 108 Stat. 1796, 1903 (1994); U.S. Sentencing Commission, Report to Congress: *Analyses of Federal Rape Cases*, (March 13, 1995).  While Congress specifically directed the Sentencing Commission to study several aspects of sentencing under 18 U.S.C. §2242, including the penalties imposed in multiple assailant cases, disparities in cases in which the perpetrator was

known to victim and unknown to victim, general disparities between sentences imposed in state rape cases and those imposed in federal rape cases, and the penalties imposed on recidivists, there is no indication that Congress – or the Sentencing Commission in response – perceived digital rape any differently than penile rape. Id. [1] The fact that Congress sought a Sentencing Commission study of the sentences imposed for violations of 18 U.S.C. §2242, but made no mention of the distinction the Court has raised *sua sponte*, supports the conclusion that the statutory provisions which place digital rape in the heartland of violations of Section 2242 should be given their plain meaning.

## II.

Similarly, neither the Sentencing Guidelines themselves, nor the sentences imposed under those guidelines make any distinction between penile and digital rape. There is nothing in the language of the guidelines which suggests that digital rape is outside the heartland of the statute, or outside the heartland of U.S.S.G. §2A3.1. Like Chapter 109A, the Sentencing Guidelines provide enhanced penalties for aggravated forms of sexual abuse, including, among other things, enhancements for sexual abuse committed with force or threats of force, U.S.S.G. §2A3.1(b)(1) the age of the victim, U.S.S.G. §2A3.1(b)(2), the level of injury sustained by the victim, U.S.S.G. §2A3.1(b)(4), and whether the victim was abducted. U.S.S.G. §2A3.1(b)(5). By creating such specific offense characteristics while at the same time making no distinction

---

[1] One of the purposes of Section 40112 of the Violent Crime Control Act was to ensure that actual sentences for federal sexual assaults were as high as state sentences for those crimes. See *Analyses of Federal Rape Cases* at 6-16. Remarkably, the Sentencing Commission concluded that federal sentences were likely higher than state sentences for the same conduct, rather than the reverse. Id. Congress did not respond by decreasing the penalties. Rather, it increased the penalties, and limited guideline departures, for many sexual assault crimes. See PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (April 30, 2003)

4

between digital and penile rape, the Guidelines themselves also strongly suggest that the means of committing sexual penetration is not a factor which takes digital or object penetration outside the heartland of the guideline.[2]

The few reported federal cases of digital or object penetration support the conclusion that sexual abuse committed using a hand or finger is to be treated under the Guidelines in the same manner as penile penetration. In Unites States v. Crowley, 318 F.3d 401 (2nd Cir. 2003), the Second Circuit upheld a nine year sentence imposed on the defendant for his attempted aggravated sexual abuse of his female classmate at a Merchant Marine Academy. Crowley, 318 F.3d at 405. The defendant had "gripped [the victim's] genitals" with his hand and had "attempted to penetrate her vagina with his finger" during an incident in the victim's bedroom. Id. The defendant sought a downward departure from the guidelines claiming that, " the nature of the offense, which was an unconsummated attempt at digital penetration, and his arguable voluntary abandonment of the assault, place his crime among the least serious of the wide range of assaults covered by the applicable guideline, and therefore take his offense outside its heartland." Id. at 421. The district court rejected his motion for a downward departure, sentenced the defendant to the low end of the guideline, and the Second Circuit affirmed on appeal. Id.

---

[2]  To the extent that the Court perceives the "heartland" crime to be a genital on genital rape perpetrated by a man on a woman, which is accompanied by force or threat of force, the guidelines reveal that such a crime not only qualifies for the application of a base offense level of 27, but also qualifies for a four level enhancement pursuant to U.S.S.G. §2A3.1(b)(1). In addition, if such a crime is accompanied by harms unique to penile penetration – such as the transmission of a sexually transmitted disease or pregnancy – those factors are addressed with enhancements at U.S.S.G. §2A3.1(b)(4). The fact that this stereotypical rape receives not only the base offense level but several enhancements under the guideline also supports the conclusion that digital rape is fully within the heartland of the statute and guideline.

Several other unreported cases of digital and object rape reveal that those crimes are treated with equal severity as penile rapes. See, e.g. United States v. Kavo, 128 Fed. Apppx. 447, 2005 Fed.App. 0246N (6th Cir. 2005)(unpub.)(digital penetration of vagina sentenced under U.S.S.G. §2A3.1 and defendant given low-end sentence of 121 months); United States v. Talamasey, 105 F.3d 670, 1997 WL 9737 (10th Cir. 1997)(unpub.)(concluding that penetration with either hand or penis was basis for sentencing defendant under U.S.S.G. §2A3.1); United States v. King, 215 F.3d 1338, 2000 WL 725480 (10th Cir. 2000)(unpub.)(defendant, who inserted a flute into a woman's vagina during Native American "healing ceremony" sentenced to 108 months incarceration). [3]

### III.

While there is little federal law discussing any distinction between digital and penile rape, there is a substantial body of state law rejecting the notion that digital or object rape should be treated differently than penile rape. As noted above, the core criminal offense and the essential harm is the penetration rather than the object used to commit the penetration or the body opening which is penetrated. The Massachusetts Supreme Judicial Court concluded more than two decades ago that,

> Sexual assault in our day and age is hardly restricted to forced genital copulation,
> nor is it exclusively a male-on-female offense. Tradition and biologic opportunity
> have rendered vaginal rape a particular political crime with a particular political

---

[3] The government contacted the Sentencing Commission hotline to determine whether the Commission had any comments to the original guideline or other material which suggested that digital penetration is outside the heartland of the statute or guideline. A representative from the Commission responded in the negative, and suggested that digital sexual abuse was one of several forms of sexual abuse appropriately sentenced under U.S.S.G. §2A3.1. In addition, the government sent a nationwide email to relevant contacts at the United States Attorneys' Offices requesting any information which supported the notion that digital rape fell outside the heartland of the guideline. Nothing was received in response.

> history, but the invasion may occur through the mouth or the rectum as well. And while the penis may remain the rapist's favorite weapon, his prime instrument of vengeance, his triumphant display of power, it is not in fact his only tool. Sticks, bottles and even fingers are often substituted for the 'natural' thing. And as men may invade women through other orifices, so, too, do they invade other men. Who is to say that the sexual humiliation suffered through forced oral or rectal penetration is a lesser violation of the personal, private inner space, a lesser injury to mind, spirit and sense of self?

Commonwealth v. Gallant, 373 Mass. 577, 590 n.17 (1977)(quoting Susan Brownmiller, *Against Our Will* (1975)).

Other state courts have explicitly rejected the notion that digital rape is a *de minimis* form of penile rape. See, e.g. State v. Jacques, 536 A.2d 535, 538 (R.I., 1988)("We note that the type of penetration is unimportant under the sexual assault statute. The fact that only digital penetration occurred does not lessen [the victims] fear and humiliation."); State v. Whetstine, 315 N.W.2d 758, 761-62 (Iowa, 1982)("The emphasis in the offense of sexual abuse is on the forcible nature of the assault, not on whether defendant used his penis or his finger to carry out the sexual abuse " citing cases from numerous state jurisdictions); State v. Grant, 33 Conn.App. 133, 141, 634 A.2d 1181, 1186 (Conn.App.,1993)(concluding that penetration by finger should be treated the same as penetration by penis or tongue, noting that the opposite conclusion would lead to "an absurd or unreasonable result"); State v. Tili, 139 Wash.2d 107, 117, 985 P.2d 365, 371 (Wash.,1999)(equating digital rape and penile rape of same victim concluding, "[e]ach penetration was an independent violation of the victim's personal integrity"); see also, Com. v. Baldwin, 24 Mass.App.Ct. 200, 204, 509 N.E.2d 4, 7 (Mass.App.Ct.,1987)(noting no distinction between penetration by hand or penetration by penis).

**Conclusion**

To conclude that digital sexual assault falls outside the heartland of offenses criminalized by 18 U.S.C. §2242 is contrary to the statutory language, the legislative history of Section 2242, the sentencing guidelines applicable to violations of Section 2242, and a long line of state cases which reject the notion that the perpetrator's chosen means of penetration is of greater import than the assault to the victim's personal privacy and integrity caused by any penetration. The government respectfully submits that the digital rape committed by Jahagirdar in this case falls squarely within the heartland of the statute and the applicable guidelines.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

Date: July 15, 2005        By: /s/ John T. McNeil
        JOHN T. McNEIL
        Assistant U.S. Attorney