UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEEPAK JAHAGIRDAR,           )
    Petitioner,           )
                   )
       v.                 )   C.A. No. 07-10923-MLW
                   )
UNITED STATES OF AMERICA,    )
    Respondent.           )

MEMORANDUM AND ORDER

WOLF, D.J.                                    February 11, 2009

I. INTRODUCTION

    On April 5, 2005, following a jury trial petitioner Deepak Jahagirdar was found guilty of sexual abuse in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. §2242(2) (Count I) and of abusive sexual contact in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. §2244(a)(2) (Count II). See United States v. Jahagirdar, 04-10038. In essence, the jury found that Jahagirdar had placed his finger into the vagina of the alleged victim while she was sleeping in the seat next to him on an airplane. Prior to sentencing, the court dismissed Count II as a lesser included offense of Count I. Jahagirdar was sentenced to 87 months in custody, 24 months supervised release, and a $25,000 fine. His conviction and sentence were affirmed by the First Circuit. See United States v. Jahagirdar, 466 F.3d 149 (1st Cir. 2006).

    Jahagirdar has, pursuant to 28 U.S.C. §2255, filed pro se a motion to vacate, set aside, or correct his sentence. His §2255

motion asserts that the following grounds justify relief: ineffective assistance of counsel (Ground 1); insufficient evidence (Ground 2); problems with the jury composition (Ground 3); denial of a fair trial (Ground 4); failure of the prosecution to produce exculpatory evidence (Ground 5); unreasonable sentence (Ground 6).

For the reasons described below, none of the grounds presented by Jahagirdar justify relief under §2255. Therefore, the motion is being denied.

II. DISCUSSION

A. Summary Disposition is Appropriate

As an initial matter, the court finds that this petition may and should be dismissed without an evidentiary hearing. The First Circuit described the test for the granting of an evidentiary hearing in a §2255 proceeding in United States v. McGill, 11 F.3d 223 (1st Cir. 1993). It wrote:

> When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. See Mack v. United States, 635 F.2d 20, 26-27 (1st Cir.1980); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978), cert. denied, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978). In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.
>
> We have distilled these principles into a rule that holds a hearing to be unnecessary "when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan,

494 F.2d 1220, 1222 (1st Cir. 1974). In other words, a "§2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984) (citations omitted).

Id. at 225-26 (some citations omitted). See also United States v. Panitz, 907 F.2d 1267 (1st Cir. 1990).

"Moreover, when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11 F.3d at 225.

As set forth below, an evidentiary hearing is not necessary or appropriate in this case because the facts that are disputed are either not material or are contradicted by the record, with which this court is familiar as a result of having presided at Jahagirdar's trial.

B.   Ineffective Assistance of Counsel

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonable effectiveness; and (2) that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial. See Strickland v. Washington, 466 U.S. 668, 689-699 (1984); Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996).

3

"Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Moreover, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

The "prejudice" element of an ineffective assistance claim presents another high hurdle. To show prejudice, a claimant must affirmatively prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Here, Jahagirdar argues that several aspects of his attorney's performance at trial amounted to ineffective assistance of counsel. None of his arguments are meritorious. Each of his attorney's decisions was within the range of reasonable strategy. They did not, individually or cumulatively, deprive Jahagirdar of effective assistance of counsel. To the contrary, his trial counsel was experienced, skillful, alert, and energetic. At the sentencing, the court commended his performance, as well as the performance of the prosecutor. See Aug. 4, 2005 Tr. at 54. In essence, the case was a credibility contest. Jahagirdar's trial counsel skillfully

4

cross-examined the government's witnesses and ardently argued that their testimony should not be credited. However, the jury did not believe Jahagirdar's version of events.  At sentencing the court made an independent determination and agreed with the finding implicit in the jury's guilty verdict – Jahagirdar had testified falsely at trial.

As indicated earlier, each element of Jahagirdar's claim of ineffective assistance of counsel is without merit.  First, he contends that his counsel improperly failed to cross-examine the government's DNA expert about whether the samples taken from his hands after the assault could have been tested for "vaginal fluid cells."  Jahagirdar also asserts that his counsel was ineffective in failing to have his own expert test for "vaginal fluid cells." However, Jahagirdar has provided no evidence that such a test exists.  The government's trial expert has provided an affidavit stating that no such test does exist.  <u>See</u> Gov. Ex. 1.  In these circumstances, trial counsel's failure to seek or cross-examine concerning such a test was neither deficient nor prejudicial to Jahagirdar.  <u>Cf.</u> <u>Porcaro v. United States</u>, 832 F.2d 208, 212 (1st Cir. 1987) (holding that a failure to submit affidavit supporting factual assertions in §2255 petition permits dismissal without an evidentiary hearing).

Jahagirdar also complains about his counsel's questioning of certain witnesses.  He contends that trial counsel was deficient,

in some unspecified way, in cross-examining State Trooper Kevin Hogaboom.  The conclusory nature of this claim alone is enough to justify its rejection.  See Shriar v. United States, 736 F.2d 817, 818 (1st Cir. 1984).

However, in this case the claim is utterly without merit. Trial counsel skillfully established that Trooper Hogaboom was trained to write reports accurately and that his report of his interview with the alleged victim did not include a statement that she had been penetrated.

As discovery disclosed that neither Hogaboom nor his partner State Trooper Daniel Sullivan had taken notes of the interview with the alleged victim, it was neither deficient nor prejudicial for Jahagirdar's counsel not to question Trooper Hogaboom about any such notes.  Jahagirdar's assertion that such notes existed and would have rebutted Hogaboom's testimony is mere speculation.

Similarly, there is no factual basis for Jahagirdar's claim that if called to testify Trooper Sullivan would have contradicted Trooper Hogaboom's testimony that the alleged victim stated that her vagina had been penetrated.  The failure to call a witness is generally a strategic issue that does not constitute ineffective assistance of counsel.  See United States v. Lema, 987 F.2d 48, 54 (1st Cir. 1993); United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000).  In this case, calling Trooper Sullivan would have strengthened the government's case if he corroborated his

colleague.   It was not unreasonable for Jahagirdar's counsel to
decide not to take that risk.

Jahagirdar also complains about his counsel's cross-
examination of the alleged victim. This claim too is unfounded.
Jahagirdar's counsel skillfully and sensitively explored on cross-
examination the alleged victim's financial motive to lie,
inconsistencies in her statements about whether she was penetrated,
and inconsistencies between her testimony and that of other
witnesses, including the fact that no other passenger testified to
hearing her scream when she awoke to find Jahagirdar's hand in her
pants.  Indeed, counsel developed the arguable discrepancy between
the alleged victim's description of the state of her pants and that
of the flight attendant to whom she reported the incident.   The
cross-examination of the alleged victim was well within the range
of conduct that is constitutionally adequate. See Strickland, 466
U.S. at 689.

In addition, Jahagirdar asserts that his counsel was
ineffective because he did not call an expert witness or present a
physical demonstration to establish that it was, he contends,
"virtually impossible" for the alleged victim to have been
penetrated if she was sitting in the manner she described.   Once
again, Jahagirdar has not identified an expert who would provide
such an opinion.   See Porcaro, 832 F.2d at 212.  Moreover, the
point at issue was not one for which expert testimony was necessary

7

or even appropriate. See Fed. R. Evid. 702.   Rather, Jahagirdar's argument about the purported impossibility of the alleged act called only for the jurors to use their experience and common sense.   See United States v. Brien, 59 F.3d 274, 276 (1st Cir. 1995).   The evidence on which Jahagirdar's theory of impossibility is based was well-developed in the cross-examination of the alleged victim.   The argument on that point was presented well, though not persuasively.

Jahagirdar also asserts that his counsel was ineffective because he failed to object to the government's use of an anatomical diagram of the vulva as a chalk.   This contention too is without merit.   Counsel successfully objected to the diagram being admitted into evidence.   It was marked Exhibit C for identification only.   It was used only to illustrate the alleged victim's testimony and, as the court instructed, to facilitate the jury's understanding of that testimony.   The diagram was generic and not inflammatory.

The court has broad discretion to permit a party to use a demonstrative device to illustrate a witness' testimony.   See Bower v. O'Hara, 759 F.2d 1117, 1127 (3d Cir. 1985). In view of the value of testimony capable of being understood by the jury to the fairness of the trial to all parties, any objection to the use of the diagram as a chalk would have been unavailing.   See United States v. Alvarez, 478 F.3d 864, 866 (8th Cir. 2007); United States

v. Peneaux, 432 F.3d 882, 888, 891 (8th Cir. 2005). Therefore, counsel's failure to make such an objection was neither deficient nor prejudicial.

Jahagirdar also roots his claim of ineffective assistance of counsel in several unmeritorious issues concerning the jury.  He asserts that his counsel was deficient both in not telling him that the court "invariably seats an all-white jury" and in not objecting to the composition of the jury.  However, the First Circuit has held that the jury selection process in the District of Massachusetts satisfies the requirements of the Constitution and the Jury Selection and Service Act, 28 U.S.C. §1861 et seq. See In re United States, 426 F.3d 1, 8 (1st Cir. 2005); United States v. Royal, 174 F.3d 1, 12-13 (1st Cir. 1999).  Therefore, assuming without finding that counsel did not discuss the likely composition of the jury with Jahagirdar, he was not ineffective in failing to do so or in failing to raise a claim based on the composition of the jury.  See Porcaro, 784 F.2d at 43.

Jahagirdar also speculates that, after 9/11, the jury was prejudiced against him as a person of Indian descent who might be regarded as "Middle Eastern looking," and that his counsel was deficient in not requesting a jury instruction to address such possible prejudice specifically.  However, every prospective juror was individually questioned about potential bias based on race, and the jury was instructed at the conclusion of the case to disregard

any possible bias or prejudice in reaching its verdict. There is no reason to believe that the jury disregarded that instruction. Nor was defense counsel unreasonable in making the presumably strategic decision that asking for a more specific jury instruction might unnecessarily draw attention to the racial differences between the defendant and the alleged victim and, therefore, increase any residual risk that Jahagirdar would be unfairly prejudiced. See Strickland, 466 U.S. at 689 (concerning "strong presumption" that decisions were part of a "sound trial strategy.").

Jahagirdar also contends that his counsel did not tell him that if he testified falsely he might be convicted and would have a higher Guideline range for his sentence. Assuming, without finding, that counsel did not tell Jahagirdar that committing perjury could increase his sentence, the required cause and prejudice have not been proven. Jahagirdar is a graduate of the Harvard Business School. It should not have been necessary for his counsel to warn him that if he testified falsely the jury might disbelieve his lies and convict him. Cf. United States v. Arcadipane, 41 F.3d 1, 5-6 (1st Cir. 1994). Similarly, it should have been obvious that if, as here, the court at sentencing made an independent judgment that Jahagirdar committed perjury, his sentence might well be increased.

As stated at the sentencing, the court seriously considered

departing downward from the Guideline range despite Jahagirdar's perjury.  However, Jahagirdar's own remarks at sentencing persuaded the court not to do so.

Jahagirdar contends that his counsel was professionally irresponsible in failing to object to the court's decision not to give the jury a transcript of his testimony as the jury requested. This assertion too is unmeritorious.  Courts have discretion in deciding whether to grant a jury's request for a transcript.  See United States v. Tavares, 93 F.3d 10, 14 (1st Cir. 1996).  Among other things, the court may consider the difficulty of compliance with such a request.  Id.  In this case, the court denied the request because a transcript of Jahagirdar's testimony had not been prepared, Jahagirdar had testified shortly before jury deliberations began, and providing the jury a transcript of only part of the trial testimony might have created an unequal playing field.  This decision was plainly not an abuse of discretion.  See id.; cf. United States v. Aubin, 961 F.2d 980, 983 (1st Cir. 1992); United States v. Almonte, 594 F.2d 261, 265 (1st Cir. 1979). Therefore, it was a reasonable exercise of professional judgment for Jahagirdar's counsel not to object to that decision.

In view of the foregoing, Jahagirdar's assertions do not individually or collectively demonstrate that he was deprived of effective assistance of counsel.  Rather, the court continues to find that Jahagirdar was very well represented.

C. Other Grounds

As indicated earlier, in addition to alleging ineffective assistance of counsel Jahagirdar asserts several other grounds for relief. As Ground 2 he contends that there was inadequate evidence to support his conviction on Count 1. This court, in effect, rejected this claim in orally denying Jahagirdar's Motion for a New Trial at the sentencing hearing on August 4, 2005. The claim of inadequate evidence was not raised on appeal. See Jahagirdar, 466 F.3d 149. Therefore, the claim may only be considered in this §2255 motion if there is cause and actual prejudice, see Bousley v. United States, 523 U.S. 614, 622 (1988), or if Jahagirdar establishes his actual innocence. Id. at 623.

Jahagirdar has not asserted, let alone established, that there was some external impediment to arguing the insufficiency of the evidence on appeal. See United States v. Barrett, 178 F.3d 34, 48 (1st Cir. 1999). Rather, his new, appellate counsel evidently chose not to make this claim in recognition of the fact that the First Circuit was required to view the evidence in the light most favorable to the government, and would have foreseeably concluded that the jury was entitled to believe the alleged victim and the evidence that corroborated her version of events. See United States v. Gonzalez-Velez, 466 F.3d 27, 37 (1st Cir. 2006)("The standard is whether the evidence, taken in the light most amicable to the prosecution, together with all reasonable inferences favorable to

it, would allow a rational fact-finder to conclude beyond a reasonable doubt that the defendant was guilty as charged."). Therefore, appellate counsel was not ineffective in failing to raise this claim. Accordingly, neither the required cause nor prejudice is established.

Similarly, a claim of actual innocence "must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998). No such evidence has been presented to support the §2255 motion.

In Ground 3, Jahagirdar asserts that his right to have a trial by a jury of his peers was violated because he was convicted by an all white jury. This claim too is defaulted because it was not raised on appeal. Once again, the default is not excused. In view of the First Circuit precedents cited earlier, the jury was lawfully constituted. See In re United States, 426 F.3d at 8; Royal, 174 F.3d at 13. Therefore, there was good reason for counsel not to raise this claim on appeal and Jahagirdar was not prejudiced by the decision not to do so.

In Ground 4 Jahagirdar contends that the diagram of the vulva, Exhibit C, which was used as a chalk misled and inflamed the jury, and therefore deprived him of a fair trial. This claim too is defaulted because it was not raised on appeal. Once again, this default is not excused because there is neither cause nor prejudice. As described earlier, the diagram was merely an

13

anatomically correct depiction of the vulva. It was not inflammatory. The court had the discretion to permit it to be used to illustrate the relevant testimony. See Bower, 759 F.2d at 1127. In these circumstances, it was reasonable for appellate counsel to decide not to raise this issue and again Jahagirdar was not prejudiced by the failure to do so.

Jahagirdar asserts he was also deprived of a fair trial because the jury's request for a transcript of his testimony was not granted. As explained earlier, the transcript had not been prepared, and the decision not to delay deliberations and provide one was well within the court's discretion. See Tavares, 93 F.3d at 14; Aubin, 961 F.2d at 983; Almonte, 594 F.2d at 265. Therefore, it was reasonable for Jahagirdar's counsel not to raise this issue on appeal. In any event, there is neither the necessary cause nor prejudice to excuse the failure to do so.

In Ground 5 Jahagirdar alleges that the government may have withheld exculpatory evidence in the form of the results of possible tests for vaginal fluid cells. As explained earlier, there is, however, no evidence that such a test can be conducted. The government's expert asserts that there is no such test. See Gov. Ex. 1. In any event, there is no evidence that such a test was conducted or produced any results helpful to Jahagirdar's defense. Therefore, the claim that material exculpatory evidence was withheld is not proven.

In addition, as part of Ground 5 Jahagirdar contends that the government withheld notes of Trooper Hogaboom that contained material exculpatory information.  As also explained earlier, there is no evidence, let alone proof, that any such notes exist.

Finally, Jahagirdar's claim in Ground 6 that he received an unlawful sentence was rejected on appeal.  See Jahagirdar, 466 F.3d at 157-58.  The First Circuit noted that this court thoughtfully addressed the relevant factors and pronounced a reasonable sentence.  Id.  As Jahagirdar's claim concerning his sentence was presented and decided on appeal, it cannot be reviewed in this §2255 proceeding.  See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994); Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967).

III. ORDER

For the foregoing reasons, each of the six grounds for Jahagirdar's §2255 motion is unmeritorious.  Accordingly, that motion (Docket No. 1) is hereby DENIED.

      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

15